THE STATE, EX REL. PHILLIPS ET AL., APPELLEES, *v.* POLCAR, JUDGE, ET AL., APPELLANTS.

(No. 76-994—Decided June 22, 1977.)

*Messrs. McDonnell & Sweeney* and *Mr. Daniel P. Mc-Donnell*, for appellees.

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.*, for appellants.

O'NEILL, C. J. The judgment of the Court of Appeals allowing the writ is affirmed.

The respondents-appellants present two issues for resolution.

The respondents' motion to dismiss was filed on April 7, 1976, and was treated by the Court of Appeals as an admission of facts contained in the complaint. On June 29, 1976, the court overruled the motion. Under Civ. R. 12(A)(2), the respondents then had 14 days to file an answer. However, on July 1, 1976, three days after the motion had been overruled, the court granted judgment for the relators. The respondents claim that in granting the judgment the appellate court denied them due process of law. As a matter of law, they argue, the court should not have been able to enter a judgment for the relators until the entire period of time had passed under Civ. R. 12.

As to this issue, this court finds no error.

While before the appellate judge, the parties agreed that "* * * the matter * * * [could] be submitted to the court upon briefs." Since neither of the parties presented any factual disputes and since the respondents' motion to dismiss raised only legal questions concerning, *inter alia,* the adequacy of the relators' remedy at law by way of appeal, the appellate court was justified in considering the only significant question of the case: Had the relators established the prerequisites for allowing an extraordinary writ to issue?

In *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11, 260 N. E. 2d 835, this court held that a writ of prohibition will be issued only if the following three conditions

are proved to exist: "(1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy. *State, ex rel. Caley,* v. *Tax Comm.,* 129 Ohio St. 83, at 87." Accord *State, ex rel. Bell,* v. *Blair* (1975), 43 Ohio St. 2d 95, 96, 330 N. E. 2d 902; *State, ex rel. Susi,* v. *Flowers* (1975), 43 Ohio St. 2d 11, 13, 330 N. E. 2d 662; *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, 320 N. E. 2d 286.

This court finds the controlling law is stated in *John Weenink & Sons Co.* v. *Court of Common Pleas* (1948), 150 Ohio St. 349, 82 N. E. 2d 730; *Miller* v. *Court of Common Pleas* (1944), 143 Ohio St. 68, 54 N. E. 2d 130; and *State, ex rel. Gelman,* v. *Common Pleas Court* (1961), 172 Ohio St. 70, 173 N. E. 2d 343.

Although the respondents are seeking different legal relief in the actions filed in the Common Pleas and Municipal Courts, this court finds the law as enunciated in *John Weenink & Sons Co., supra,* and *State, ex rel. Gelman, supra,* dispositive of the issue.

*Judgment affirmed.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.