KNOWLTON COMPANY; MRED PROPERTIES, ET AL.,
APPELLANTS, *v.* KNOWLTON, APPELLEE.

[Cite as *Knowlton Co. v. Knowlton* (1992), 63 Ohio St.3d 677.]

(Nos. 91–261 and 91–528—Submitted January
14, 1992—Decided May 27, 1992.)

*Arter & Hadden, Danny L. Cvetanovich, Stephen E. Auch* and *Judith E. Trail,* for appellant.

*Chester, Hoffman, Willcox & Saxbe, John J. Chester, Donald C. Brey* and *W. Vincent Rakestraw,* for appellee.

*Vorys, Sater, Seymour & Pease, Michael G. Long, James B. Cushman* and *James A. Wilson,* for intervening appellant.

SWEENEY, Acting C.J.   While the factual context underlying the cause *sub judice* is somewhat complex, the determinative issue before this court is easily stated, *viz.,* whether the Mercer County Court of Common Pleas or the Franklin County Court of Common Pleas has jurisdiction over Huffy's attempt to exercise a purchase option of the leased property owned by appellant MRED, successor in interest to the Knowlton Company.   For the reasons that follow, we hold that the Mercer County Court of Common Pleas has exclusive jurisdiction.

In *State, ex rel. Phillips, v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, this court held in the syllabus:

"As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to

the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. (*John Weenink & Sons Co. v. Court of Common Pleas* [1948], 150 Ohio St. 349 [38 O.O. 189, 82 N.E.2d 730], approved and followed.)"

Appellant MRED and intervening appellant Huffy contend that under the priority doctrine set forth in *Polcar, supra,* the Mercer County Court of Common Pleas has jurisdiction over issues as to the validity of the option to purchase the leased property, as well as entitlement to the proceeds from the sale of such property. Huffy points out that, as holder of the purchase option, it was never a party to any of the Franklin County litigation involving appellee, and that the Franklin County Court of Appeals therefore held there was no jurisdiction over Huffy's purchase option when its validity was called into question during the extensive litigation involving appellee, Austin Knowlton, and the Knowlton Company. See *Knowlton Co. v. Knowlton* (1983), 10 Ohio App.3d 82, 85, 10 OBR 104, 108, 460 N.E.2d 632, 636.[2]

Appellee, Austin Knowlton, argues that the Franklin County Court of Common Pleas possesses continuing exclusive jurisdiction over certain reciprocal leases between himself and Knowlton Company in addition to the lease between Huffy and Knowlton Company. Appellee asserts that the Franklin County Court of Common Pleas reserved such jurisdiction in several court orders when it determined distribution of lease payments payable by Huffy under its lease with Knowlton Company. Appellee submits that the Franklin County Court of Common Pleas does not lose jurisdiction over the lease simply because a previously unlitigated issue emerges. In any event, appellee maintained during oral argument that the validity of Huffy's purchase option has never been an issue in the Mercer County litigation. Appellee contends that the reciprocal leases are at issue herein and that the Franklin County Court of Common Pleas necessarily has exclusive jurisdiction over such leases, given that court's express reservation of jurisdiction.

Both sides to this action present legitimate reasons supporting their respective positions. In our view, however, appellants' arguments are more per-

---

2. Therein, the Franklin County Court of Appeals stated in relevant part:

"* * * It is alleged that, by an addendum to a lease dated November 1, 1971, Huffman was granted an option to purchase certain real estate exercisable in 1979, but that the option was granted without consideration. Assuming the allegations of the complaint are correct and no consideration was given, the option would not be enforceable by Huffman, and any action should be against Huffman. As of the time of the filing of the complaint, the option was not exercisable, and there is no indication by supplemental complaint or otherwise that Huffman has yet attempted to exercise the option, much less successfully done so. Even assuming that there otherwise could be a valid claim against defendants, it had not yet arisen at the time of the filing of the complaint."

suasive than those advanced by appellee and, therefore, we reverse the judgment of the court of appeals below. Our reasoning for this conclusion is based on several factors. First of all, the property in issue is located in Mercer County. With all other things being equal, jurisdiction over the disposition of the property would naturally arise where it is located, *i.e.*, in Mercer County. Second, while the Franklin County litigation produced orders and entries referring to the reciprocal leases between appellee and the Knowlton Company, such orders concerned only distribution of lease payments that Huffy was making under the terms of its lease with the Knowlton Company. Huffy was never a party, indispensable or otherwise, to any of the prior Franklin County litigation involving appellee, the Knowlton Company and MRED. Third, the action commenced by Huffy in Mercer County involves the exercise of its purchase option provided in the 1971 addendum to the 1969 lease. As mentioned before, the Franklin County Court of Appeals found in 1983 in *Knowlton Co., supra,* that the issue of the validity of the purchase option under the lease could not be litigated without Huffy as a party.

Thus, in invoking the priority doctrine set forth in *Polcar, supra,* we hold that the Mercer County Court of Common Pleas, first acquired jurisdiction over the purchase option sought to be exercised by Huffy, and that the Franklin County Court of Common Pleas, therefore, does not have jurisdiction, as found by the Franklin County Court of Common Pleas itself. In our view, judicial economy compels a holding that the Mercer County Court of Common Pleas has exclusive jurisdiction over the issues raised in this case.

Accordingly, the judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

HARSHA, NAHRA, DONOFRIO and RESNICK, JJ., concur.

HOLMES, J., separately dissents without opinion.

DOUGLAS, J., dissents.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting for MOYER, C.J.

JOSEPH J. NAHRA, J., of the Eighth Appellate District, sitting for WRIGHT, J.

JOSEPH DONOFRIO, J., of the Seventh Appellate District, sitting for H. BROWN, J.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm, in all respects, the well-reasoned opinion of the court of appeals.

This is not a complicated case. The subject matter of this case has been litigated over a number of years. Apparently, *all* of that litigation, with the exception of the most recent case filed in Mercer County, has taken place in Franklin County. In several entries, the Franklin County Court of Common Pleas reserved subject-matter jurisdiction. The majority properly cites at least one of the orders of the Franklin County Common Pleas Court. Without question that trial court, in its June 24, 1986 amended entry and order, expressly reserved jurisdiction over the subject matter involved in this litigation. Strangely, after setting forth the language of the trial court, the majority, for some reason, then promptly ignores the clear reservation-of-jurisdiction language of the order.

The majority also properly sets forth the cogent and persuasive reasoning of the court of appeals. I would add to that reasoning only that there is no issue herein involving the priority doctrine set forth in *State, ex rel. Phillips, v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33. That doctrine applies only to courts having concurrent jurisdiction. Here there could be *no* concurrent jurisdiction because the Franklin County court had reserved jurisdiction unto itself by explicitly saying, " * * * until further order of *this* Court * * *." (Emphasis added.)

The court of appeals was entirely correct in its judgment. That judgment should be affirmed.