[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 115.]

THE STATE EX REL. SELLERS, APPELLANT, *v.* GERKEN, JUDGE, ET AL.,
APPELLEES.

[Cite as *State ex rel. Sellers v. Gerken*, 1995-Ohio-247.]

*Prohibition to prevent judge from exercising jurisdiction in defamation action—*
*Writ denied, when.*

(No. 94-1853—Submitted March 7, 1995—Decided April 26, 1995.)

Appeal from the Court of Appeals for Hocking County, No. 94 CA 11.

_____

{¶ 1} Appellant, David H. Sellers, was employed as a music teacher by the Logan-Hocking City School District Board of Education. The board terminated Sellers's employment after receiving a referee's report that determined that Sellers had acted in an unprofessional manner as to one of his students. The board's termination decision was upheld on appeal to the common pleas court and on further appeal to the court of appeals, and a subsequent motion to certify the record in the case was overruled by this court. Attorneys Mark A. Foley and William J. Steele represented Sellers during various portions of the foregoing proceedings.

{¶ 2} On November 9, 1993, Sellers filed a complaint in the Franklin County Court of Common Pleas, alleging legal malpractice on the part of Foley and Steele in their representation of Sellers regarding the board's termination of Sellers's employment. On January 31, 1994, Foley and Steele filed a complaint in appellee Hocking County Court of Common Pleas, which alleged that beginning in April 1993 and continuing through the time the legal malpractice action was instituted, Sellers "engaged in a reckless and intentional campaign against the professional reputation" of Foley and Steele by making "false and defamatory accusations and allegations" against them.

**{¶ 3}** Sellers moved to dismiss the Hocking County defamation action based on his contentions that (1) the Franklin County Common Pleas Court had acquired exclusive jurisdiction over the matter, and (2) the case was improperly venued in Hocking County, where none of the parties resided and none of the alleged statements was made. In April 1994, appellee Hocking County Common Pleas Court Judge Thomas H. Gerken overruled Sellers's motion to dismiss, as well as a subsequently filed motion for reconsideration.

**{¶ 4}** On May 9, 1994, Sellers filed a complaint in the Court of Appeals for Hocking County, seeking a writ prohibiting appellees, Judge Gerken and the Hocking County Common Pleas Court, from exercising jurisdiction in the defamation action. Sellers also filed a motion for a temporary restraining order and an affidavit and exhibits in support of his motion. Appellees filed an answer that alleged that "[t]he acts of relator giving rise to the defamation suit arose subsequent to the representation of the relator by the attorneys[,] said acts being those of relator outside the attorney[-]client relationship, whereas the allegations of relator against the attorneys concern alleged failing during the representation of the relator."

**{¶ 5}** Loc.R. 3 of the Court of Appeals for Hocking County governs the procedure in original actions, other than habeas corpus, filed in that court. Section 6 of the rule provides that the case "shall be submitted to the Court by means of an agreed statement of facts, or stipulations, or depositions[,]" and Section 8 provides that trial briefs are due following the completion of the presentation of the evidence. Although the parties filed none of the evidence specified in Loc.App.R. 3, Sellers filed a complaint, affidavit, and exhibits, and appellees filed an answer and an affidavit. Sellers filed a brief on the merits on May 23, 1994, to which appellees did not respond. On July 11, 1994, the court of appeals denied Sellers's request for

2

a writ of prohibition on the basis that he had failed to establish the prerequisites for issuance of the writ.[1]

{¶ 6} The cause is now before this court upon an appeal as of right.

———————————

*A.M. Fishman Co., L.P.A.*, *Andrew M. Fishman* and *Kifi Z. Haque*, for appellant.

*Charles A. Gerken*, Hocking County Prosecuting Attorney, for appellees.

———————————

**Per Curiam.**

{¶ 7} To obtain a writ of prohibition, Sellers was required to establish (1) that appellees were about to exercise judicial or quasi-judicial power, (2) that the exercise of that power was unauthorized by law, and (3) that denying the writ would result in injury for which no other adequate remedy existed in the ordinary course of law. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952. It is uncontroverted that at the time that Sellers initiated his prohibition action, Judge Gerken had overruled his motion to dismiss the Hocking County defamation action and was about to exercise judicial power to allow the case to proceed. At issue then is whether Sellers established the remaining two elements for issuance of a writ of prohibition, *i.e.*, whether Judge Gerken's exercise of judicial power in the defamation case was unauthorized and if Sellers possessed an adequate remedy at law.

---

1. The parties effectively submitted the matter to the court of appeals for its final determination, and Sellers requested a determination on the merits of his prohibition action through his brief. The court of appeals thus decided the case on the merits. Sellers does not contend on appeal any error by the court of appeals in reaching the merits of his action; he merely contests that court's ultimate conclusion. This was thus not an improper sua sponte dismissal. See *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 383-384, 594 N.E.2d 48, 50; see, also, *State ex rel. Edwards v. Toledo City Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 110, 647 N.E.2d 799, 803, decided today.

**{¶ 8}** Sellers asserts in his first and second propositions of law that appellees lacked jurisdiction over the defamation claim, since the Franklin County Common Pleas Court had exclusive jurisdiction over that action as well as other conduct arising out of attorneys Foley and Steele's representation of Sellers in his disciplinary proceeding and administrative appeals.

**{¶ 9}** "'As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 46, 476 N.E.2d 1060, 1062, citing *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." J*ohn Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraph three of the syllabus.

**{¶ 10}** In general, it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and "[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter." *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, 913; *Robinson v. Robinson* (Oct. 14, 1994), Lucas App. No. L-94-095, unreported. In this case, the causes of action are not the same. The Franklin County legal malpractice action involved a different claim for relief than the Hocking County defamation action.

**{¶ 11}** Nevertheless, we have at times recognized the applicability of the priority rule where the causes of action and relief requested are not exactly the same. See, *e.g.*, *State ex rel. Phillips* (actions for damages and for rescission based

on same realty purchase contract [see Ohio Supreme Court Records and Briefs, 3d Series, case No. 76-994]) and *Weenink & Sons* (actions for damages and declaratory judgment based on same rodeo proceeds), *supra*. In contrast to these exceptions to the general rule, it is not clear here that the two suits comprise part of the same "whole issue."

{¶ 12} The elements of a legal malpractice action are (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060. Conversely, defamation generally requires falsity, defamation, publication, injury, and fault. See, *e.g.*, *Natl. Medic Serv. Corp. v. E.W. Scripps Co.* (1989), 61 Ohio App.3d 752, 755, 573 N.E.2d 1148, 1149-1150. As noted by Judge Gerken in his entry overruling Sellers's motion to dismiss the Hocking County defamation action, the Franklin County case involved alleged false statements and publication occurring after the employment case ended.

{¶ 13} "'Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. *A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction.*'***" (Emphasis *sic*.) *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 504, 597 N.E.2d 116, 117-118, quoting *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 38, 548 N.E.2d 945, 946. In addition to possessing an adequate remedy by appeal, Sellers could have filed a motion to change the venue of the defamation case to Franklin County. In deciding the prohibition action, we need not expressly rule on the jurisdictional issue, "since our review is limited to whether *** jurisdiction is *patently and unambiguously lacking*." (Emphasis *sic*.) *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541, 545, citing *Canadian Helicopters, Ltd. v. Wittig* (Tex.1994), 876 S.W.2d 304; see, also, *Worrell v. Athens Cty. Court of Common Pleas* (1994),

69 Ohio St.3d 491, 633 N.E.2d 1130. Appellees possessed general subject matter jurisdiction over the defamation claim and did not patently and unambiguously lack jurisdiction to proceed on that claim due to the pending legal malpractice suit. Sellers's first and second propositions are meritless.

{¶ 14} In his third proposition, Sellers asserts that the defamation action was a compulsory counterclaim under Civ.R. 13(A) that was required to be raised by Foley and Steele in the Franklin County malpractice action. Assuming, *arguendo*, that the attorneys' defamation claim constituted a compulsory counterclaim in the legal malpractice suit, prohibition would still not lie:

"The trial court's order does not amount to a complete and total usurpation of judicial authority from which an appeal would be inadequate. The trial court has at least basic jurisdiction to determine whether relator's counterclaims are compulsory under Civ.R. 13(A) or permissive under Civ.R. 13(A)(1). Merely because the trial court's determination may be erroneous does not deprive it of jurisdiction over the claims. Based on the foregoing, we find that the trial court has jurisdiction to make a decision *** whether relator's claim is compulsory in nature and falls without the exception enumerated in Civ.R. 13(A)(1). Assuming that there exists error in the trial court's decision, such an error is properly corrected on appeal and is not an adequate ground for the issuance of a writ of prohibition." *State ex rel. Massaro Corp. v. Franklin Cty. Court of Common Pleas* (1989), 65 Ohio App.3d 428, 431, 584 N.E.2d 756, 758-759. Sellers's third proposition lacks merit.

{¶ 15} Accordingly, since Sellers failed to establish that appellees' exercise of jurisdiction in the defamation suit was patently and unambiguously without jurisdiction, Sellers possessed adequate remedies at law via appeal and/or motion for change of venue. Consequently, the court of appeals properly denied the writ. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____