[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 120.]

CITY OF WHITEHALL EX REL. WOLFE, MAYOR, APPELLANT, *v.* OHIO CIVIL

RIGHTS COMMISSION ET AL., APPELLEES.

[Cite as *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 1995-Ohio-302.]

*Prohibition—Writ to prevent Ohio Civil Rights Commission from proceeding
further in a pending matter—Writ denied when commission's exercise of
jurisdiction over the unlawful discrimination charges is appropriate, and
relator has adequate remedies at law in the commission's proceeding and
a further appeal to common pleas court.*

(No. 94-1156—Submitted October 10, 1995—Decided November 22, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD12-1719.

_____

{¶ 1} The city of Whitehall Department of Public Safety, Division of Fire, employed appellee, Betty R. Jones, as a communications operator. In January 1992, Whitehall Mayor John A. Bishop notified Jones that she would be laid off effective February 14, 1992 due to funding problems. While the layoff was pending, Jones was given a disciplinary hearing on allegations that she had been asleep while on duty in January 1992. By letter dated February 13, 1992, the director of public safety notified Jones that she was being discharged effective February 14, 1992 because of her admitted failure to stay awake on the job.

{¶ 2} Jones appealed her layoff and termination to the Whitehall Civil Service Commission, which affirmed the orders. The Franklin County Court of Common Pleas subsequently affirmed the decision of the civil service commission. Jones did not institute any further appeal.

{¶ 3} On July 1, 1992, Jones filed a written charge with appellee, Ohio Civil Rights Commission ("OCRC"), claiming that she had been laid off and discharged due to unlawful racial and sexual discrimination. Following a preliminary

investigation and failed attempts at conciliation, OCRC found probable cause to believe that Whitehall had engaged in unlawful discriminatory practices and issued a complaint and notice of hearing in June 1993. Whitehall filed an answer to the OCRC complaint claiming, *inter alia*, that it was immune and the OCRC proceedings were barred by *res judicata* and collateral estoppel.

{¶ 4} In December 1993, appellant, Mayor John A. Wolfe, on behalf of the city, filed a petition in the court of appeals seeking a writ of prohibition preventing OCRC from proceeding further in the pending matter. The court of appeals granted OCRC's motion for summary judgment and denied the writ.

{¶ 5} The cause is now before this court upon an appeal as of right.

—————————————

*Dennis J. Fennessey*, Whitehall City Attorney, and *Timothy S. Rankin*, Assistant City Attorney, for appellant.

*Betty D. Montgomery*, Attorney General, and *Duffy Ja*, Assistant Attorney General, for appellee Ohio Civil Rights Commission.

*Daniel K. Friend*, for appellee Betty R. Jones.

—————————————

**Per Curiam.**

{¶ 6} In his propositions of law, Wolfe asserts that the court of appeals erred in denying the writ of prohibition. In order to be entitled to a writ of prohibition, Wolfe had to establish (1) that OCRC was about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33. As the court of appeals correctly determined, OCRC is about to exercise quasi-judicial authority in proceeding upon the complaint. See *State ex rel. Republic Steel Corp. v. Ohio Civ. Rights Comm.* (1975), 44 Ohio St.2d 178, 184-185, 73 O.O.2d 478, 481, 339 N.E.2d 658, 662;

R.C. 4112.05.  Thus, the dispositive issues are whether OCRC's exercise of quasi-judicial authority is unauthorized, and if denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.

{¶ 7} Wolfe claims entitlement to extraordinary relief in prohibition because of *res judicata*, collateral estoppel, immunity, the law-of-the-case, and the civil service commission's initial exercise of concurrent jurisdiction.   Wolfe contends that Jones's prior civil service appeal precluded OCRC from exercising quasi-judicial authority over her unlawful discrimination charges.

{¶ 8} As to Wolfe's claims that the prior civil service appeal acted to divest OCRC of jurisdiction based upon *res judicata* and the included concept of collateral estoppel,  *res judicata*  is an affirmative defense which does not divest   the jurisdiction of the second tribunal to decide the validity of that defense.  See *State ex rel. Flower v. Rocker* (1977), 52 Ohio St.2d 160, 162, 6 O.O.3d 375, 376, 370 N.E.2d 479, 480 (prohibition did not lie since court had jurisdiction to rule on affirmative defense of *res judicata*); see, generally, 63 American Jurisprudence 3d (2 Ed.1984) 180, Prohibition, Section 47 ("The fact that the defense of *res judicata* based on a decision in a former action is available in a second action involving the same issues does not deprive the court in which the second action is brought of jurisdiction to try the case again, so as to warrrant the issuance of a writ of prohibition to prevent such court from proceeding with the suit, and the only remedy is to set up the *res judicata* plea as a defense in that suit and to appeal from an adverse decision." Footnote omitted.).

{¶ 9} In addition, *res judicata* has no application to the proceeding before OCRC.  OCRC was not named as a party to the prior civil service proceeding and did not participate in that action.  OCRC was also not in privity with either Jones or the city, the parties to the civil service proceeding.  Therefore, *res judicata*, which requires mutuality of the parties, does not operate to bar OCRC from proceeding on the unlawful discriminatory practice charges.  *Broz v. Winland*

(1994), 68 Ohio St.3d 521, 523-524, 629 N.E.2d 395, 397; *Dublin School Dist. Bd. of Edn. v. Limbach* (1994), 69 Ohio St.3d 255, 257-258, 631 N.E.2d 604, 606.

{¶ 10} Second, the issues involved in a civil service appeal before either the State Personnel Board of Review or a municipal civil service commission and an unlawful discriminatory practice charge before OCRC are different. See *Cincinnati v. Dixon* (1992), 78 Ohio App.3d 164, 169-170, 604 N.E.2d 193, 196-197 (municipal civil service commissions are restricted to determining whether the appointing authority's employment action is consistent with the tenure provisions provided in R.C. 124.34 whereas OCRC is given the statutory authority to determine whether an employment action constituted religious discrimination); *Jackson v. Franklin Cty. Animal Control* (Oct. 6, 1987), Franklin App. No. 86AP-930, unreported (determination by State Personnel Board of Review that employee was discharged for just cause did not collaterally estop OCRC from proceeding on unlawful discrimination claim regarding discharge); R.C. 4112.08 ("This chapter [which includes OCRC's powers and duties] shall be construed liberally for the accomplishment of its purposes, and any law inconsistent with any provision of this chapter shall not apply.").

{¶ 11} Wolfe also contends that OCRC lacked jurisdiction to proceed on the unlawful discrimination charges because the action of the city director of public safety in discharging Jones was quasi-judicial and made him immune from liability under R.C. 2744.03(A)(1) ("The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function."). However, this immunity is inapplicable. See R.C. 2744.09(B) and (C). Further, the R.C. 2744.03(A)(1) immunity is an affirmative defense, which must be raised and proven, and does not affect the jurisdiction of the tribunal. See *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 594, 629 N.E.2d 446, 450, setting forth the general rule.

**{¶ 12}** Wolfe next contends that he is entitled to a writ of prohibition because of the law-of-the-case doctrine. Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. A writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court. *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 662, 646 N.E.2d 1115, 1117. Here, OCRC is not acting contrary to the mandate of any superior tribunal in proceeding on its complaint.

**{¶ 13}** Wolfe additionally claims that the Whitehall Civil Service Commission possessed exclusive jurisdiction over the proceedings because its jurisdiction was the one initially invoked. "'As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, 809, quoting *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 46, 476 N.E.2d 1060, 1062. Generally, it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases. *Id.* Here, the claims involved in the two proceedings are not the same. As noted previously, they involve distinctly different issues.

**{¶ 14}** In sum, the errors raised by Wolfe do not attack the jurisdiction of OCRC, and OCRC's exercise of quasi-judicial authority is not unauthorized. The extraordinary remedy of prohibition may not be employed before trial on the merits, as a substitute for appeal to review mere errors or irregularities of a court having jurisdiction. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112.

**{¶ 15}** Further, absent a patent and unambiguous lack of jurisdiction, a tribunal having general subject matter of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy via appeal from its holding that it has jurisdiction. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235, 638 N.E.2d 541, 543. OCRC has basic statutory jurisdiction to consider Jones's charges of unlawful racial and sexual discrimination because Whitehall is an "employer" and Jones is a "person" as those terms are used in R.C. 4112.02(A) and 4112.05(B). See *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 100, 562 N.E.2d 1383, 1385; see, also, R.C. 4112.01(A)(1) and (2). Therefore, even assuming that Wolfe's various contentions possessed some merit, prohibition still would not lie because OCRC does not patently and unambiguously lack jurisdiction over Jones's unlawful discriminatory practice claims.

**{¶ 16}** Wolfe's claims that the OCRC proceeding and any appeal under R.C. 4112.06 to a common pleas court from any adverse OCRC decision would be inadequate due to time and expense are also without merit. See *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 200, 638 N.E.2d 74, 77; *State ex rel. Casey v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 432, 575 N.E.2d 181, 184.

**{¶ 17}** Based on the foregoing, OCRC's exercise of jurisdiction over the unlawful discrimination charges is appropriate and Wolfe has adequate remedies at law in the OCRC proceeding and a further appeal to common pleas court. The court of appeals properly granted summary judgment and denied the writ. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

WRIGHT, J., not participating.

January Term, 1995

_____