THE STATE EX REL. RED HEAD BRASS, INC., APPELLANT, *v.* HOLMES COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149.]

(No. 96–2657—Submitted August 26, 1997—Decided October 22, 1997.)

150

*Buckley, King & Bluso* and *John A. Hallbauer; Critchfield, Critchfield & Johnston, J. Douglas Drushal, Peggy J. Schmitz* and *Steven J. Schrock,* for appellant.

*Per Curiam.* Red Head contends that the court of appeals erred by denying the requested writ of prohibition. In its propositions of law, Red Head asserts that Judge White and the Holmes County Court of ·Common Pleas lacked jurisdiction to proceed in Eliot and MacMillan's Holmes County case because the jurisdictional priority rule vested exclusive jurisdiction over their claims in the previously filed Cuyahoga County case.

The jurisdictional priority rule provides that " '[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 46, 476 N.E.2d 1060, 1062, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. Generally, " 'it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases.' " *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 123, 656 N.E.2d 684, 688, quoting *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, 809. Therefore, if the second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case. *Id.; State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, 913.

The Cuyahoga County and Holmes County cases involve different claims for relief and different parties. With the dismissal of Cullen from the Holmes County action, Eliot and MacMillan's claims alleged invasion of their personal privacy by Elum and Interfacts' unauthorized access to their personal financial records. By contrast, the Cuyahoga County case included only Eliot's personal claims against Red Head and other defendants for intentional infliction of emotional distress and defamation. Elum and Interfacts are not parties to the Cuyahoga County case. As specified by the court of appeals, the Holmes County case can be determined without resolution of the Cuyahoga County case.

Based on the foregoing, the jurisdictional priority rule does not patently and unambiguously divest Judge White and the Holmes County Common Pleas Court

of jurisdiction over Eliot and MacMillan's remaining claims. We need not expressly rule on Red Head's jurisdictional contention because our review is restricted to whether jurisdiction is patently and unambiguously lacking. *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 52, 676 N.E.2d 109, 113. A motion to intervene, a motion to dismiss for lack of subject-matter jurisdiction, and an appeal following any subsequent adverse final, appealable order represent adequate legal remedies to raise any claimed error by Judge White concerning the jurisdictional priority rule. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 552; *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112 ("Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal.").

Red Head relies on the dismissal of its Wayne County case under the jurisdictional priority rule to support its asserted entitlement to a writ of prohibition. That case, however, was resolved on appeal by a nonparty to the action rather than by an extraordinary action in prohibition instituted by a nonparty to the underlying action. In addition, the Wayne County case did not involve Eliot and MacMillan's invasion of privacy claims against Elum and Interfacts. Therefore, the Wayne County case does not require a contrary result.

For the foregoing reasons, Red Head failed to establish its entitlement to a writ of prohibition. The court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.