[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 149.]

THE STATE EX REL. RED HEAD BRASS, INC., APPELLANT, *v.* HOLMES COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas*, 1997-Ohio-143.]

*Prohibition to prevent further proceedings in an invasion of privacy action—Writ denied, when.*

(No. 96-2657—Submitted August 26, 1997—Decided October 22, 1997.)

APPEAL from the Court of Appeals for Holmes County, No. 96CA556.

———————————

{¶ 1} Appellant, Red Head Brass, Inc. ("Red Head"), is an Ohio corporation that manufactures fire-fighting equipment. From 1972 until 1990, Red Head employed appellee David Eliot as plant manager. Eliot then left Red Head and, with appellee Douglas D. MacMillan, formed Action Coupling & Equipment, Inc. ("Action"). Action is engaged in the same business as Red Head.

{¶ 2} In 1991, Red Head, through its then-chief executive officer, William J. Cullen, hired private investigator Charles R. Elum to determine whether Eliot had stolen confidential information from Red Head that Action used to manufacture similar equipment. Elum was affiliated with Interfacts, Inc. ("Interfacts"). At the conclusion of his investigation, Elum prepared a confidential report for Red Head. Elum advised Red Head that it could obtain further information by getting an employee inside Action to determine if Action had misappropriated confidential information from Red Head.

{¶ 3} Red Head later hired a different private investigative firm, William F. Florio & Associates, which engaged Dana Gollner to become an undercover operative at Action's plant in January 1993. According to Red Head, Gollner located confidential information belonging to Red Head. After Red Head advised

the county prosecutor, law enforcement officials executed a search warrant at the Action plant, resulting in the seizure of records belonging to Red Head.

{¶ 4} In August 1993, Action filed a complaint in the Cuyahoga County Court of Common Pleas against Red Head, William F. Florio & Associates, Florio, and Gollner. Action alleged the following claims: (1) conspiracy to commit tortious and malicious conduct, (2) conversion of Action's property, (3) abuse of process, (4) slander, (5) libel, (6) interference with Action's contractual, business, and employment relationships, (7) unfair trade practices, (8) conversion of trade secrets, and (9) violation of statutory provisions regulating monopolies.

{¶ 5} About one month later, Red Head sued Action, Eliot, and MacMillan in the Wayne County Court of Common Pleas. Red Head raised the following claims: (1) conversion of trade secrets, (2) interference with Red Head's business relationships and contracts, (3) Eliot's breach of fiduciary duty, (4) an accounting of Action's illegal sales and Eliot and MacMillan's income since Action's incorporation, (5) punitive damages, and (6) replevin of all of Red Head's confidential information and other property in Action's possession. The common pleas court granted Action, Eliot, and MacMillan's motion to dismiss for lack of subject-matter jurisdiction, and the Court of Appeals for Wayne County affirmed the dismissal. The courts determined that the Cuyahoga County case precluded the Wayne County Common Pleas Court's jurisdiction over Red Head's action.

{¶ 6} Action filed an amended complaint in the Cuyahoga County case, adding Eliot as a plaintiff and several officers, directors, employees, or agents of Red Head, including Cullen, as defendants. Action and Eliot's amended complaint contained the claims previously set forth in Action's complaint, as well as Eliot's claims for intentional infliction of emotional distress and defamation. Red Head and the newly named defendants filed an answer and a counterclaim against Action, Eliot, and MacMillan which incorporated Red Head's claims from the dismissed Wayne County case.

2

**{¶ 7}** In November 1995, Eliot and MacMillan filed a complaint in appellee Holmes County Court of Common Pleas against Cullen, Elum, and Interfacts. Eliot and MacMillan alleged that in 1991, Cullen retained Elum and Interfacts, who gained unauthorized access to Eliot and MacMillan's personal financial records. They requested compensatory and punitive damages for the claimed invasion of privacy. Cullen moved to dismiss the Holmes County case on the basis that exclusive jurisdiction over the whole issue between Red Head and Action was vested in the Cuyahoga County Common Pleas Court. Appellee Holmes County Common Pleas Court Judge Thomas D. White granted Cullen's motion and dismissed him from the case.

**{¶ 8}** Cullen then filed a motion requesting that Judge White dismiss the entire case, including Eliot and MacMillan's claims against Elum and Interfacts. Cullen asserted that the Cuyahoga County Common Pleas Court had exclusive jurisdiction over Eliot and MacMillan's claims. Judge White denied Cullen's motion and made an express determination that there existed no just reason for delay regarding his previous dismissal of Cullen from the Holmes County case. Judge White noted that Cullen had recently died.

**{¶ 9}** Red Head subsequently filed a complaint in the Court of Appeals for Holmes County for a writ of prohibition against the Holmes County Common Pleas Court and Judge White to prevent further proceedings in the Holmes County case. The common pleas court and Judge White submitted the case to the court of appeals for a determination on the merits based on the pleadings, including the exhibits incorporated in Red Head's complaint. The court of appeals also permitted Eliot and MacMillan to intervene as respondents. In October 1996, the court of appeals denied the writ.

**{¶ 10}** The cause is now before this court upon an appeal as of right.

_____

*Buckley, King & Bluso* and *John A. Hallbauer; Critchfield, Critchfield & Johnston*, *J. Douglas Drushal, Peggy J. Schmitz* and *Steven J. Schrock*, for appellant.

————————————

***Per Curiam.***

{¶ 11} Red Head contends that the court of appeals erred by denying the requested writ of prohibition. In its propositions of law, Red Head asserts that Judge White and the Holmes County Court of Common Pleas lacked jurisdiction to proceed in Eliot and MacMillan's Holmes County case because the jurisdictional priority rule vested exclusive jurisdiction over their claims in the previously filed Cuyahoga County case.

{¶ 12} The jurisdictional priority rule provides that " '[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 46, 476 N.E.2d 1060, 1062, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. Generally, " 'it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases.' " *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 123, 656 N.E.2d 684, 688, quoting *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, 809. Therefore, if the second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case. *Id.; State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, 913.

{¶ 13} The Cuyahoga County and Holmes County cases involve different claims for relief and different parties. With the dismissal of Cullen from the Holmes County action, Eliot and MacMillan's claims alleged invasion of their

personal privacy by Elum and Interfacts' unauthorized access to their personal financial records. By contrast, the Cuyahoga County case included only Eliot's personal claims against Red Head and other defendants for intentional infliction of emotional distress and defamation. Elum and Interfacts are not parties to the Cuyahoga County case. As specified by the court of appeals, the Holmes County case can be determined without resolution of the Cuyahoga County case.

{¶ 14} Based on the foregoing, the jurisdictional priority rule does not patently and unambiguously divest Judge White and the Holmes County Common Pleas Court of jurisdiction over Eliot and MacMillan's remaining claims. We need not expressly rule on Red Head's jurisdictional contention because our review is restricted to whether jurisdiction is patently and unambiguously lacking. *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 52, 676 N.E.2d 109, 113. A motion to intervene, a motion to dismiss for lack of subject-matter jurisdiction, and an appeal following any subsequent adverse final, appealable order represent adequate legal remedies to raise any claimed error by Judge White concerning the jurisdictional priority rule. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 552; *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112 ("Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal.").

{¶ 15} Red Head relies on the dismissal of its Wayne County case under the jurisdictional priority rule to support its asserted entitlement to a writ of prohibition. That case, however, was resolved on appeal by a nonparty to the action rather than by an extraordinary action in prohibition instituted by a non-party to the underlying action. In addition, the Wayne County case did not involve Eliot and MacMillan's invasion of privacy claims against Elum and Interfacts. Therefore, the Wayne County case does not require a contrary result.

**{¶ 16}** For the foregoing reasons, Red Head failed to establish its entitlement to a writ of prohibition. The court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————