**[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 426.]**

THE STATE EX REL. SHIMKO, APPELLANT, *v.* MCMONAGLE, JUDGE, APPELLEE.

[Cite as *State ex rel. Shimko v. McMonagle*, 2001-Ohio-301.]

*Attorneys at law—Fee dispute submitted to bar association for binding arbitration—Arbitration award confirmed by court of common pleas—Writs of mandamus and prohibition sought to compel common pleas court judge to cease enforcing or issuing any orders in the case—Court of appeals' dismissal of complaint affirmed.*

(No. 00-2319—Submitted July 17, 2001—Decided August 8, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 78308.

————————————

*Per Curiam.*

{¶ 1} In late 1991 and early 1992, attorney Thomas G. Lobe assisted appellant, attorney Timothy A. Shimko, in litigation against the WD-40 Company in California, according to Shimko's complaint. During that time, Lobe was an affiliate "of counsel" with Shimko's law firm. After the California litigation concluded with a favorable result for their clients, a dispute arose between Shimko and Lobe about the amount of attorney fees Shimko owed to Lobe.

{¶ 2} In September 1995, Lobe requested that the Cleveland Bar Association set his fee dispute with Shimko for mandatory and binding arbitration. Shimko contested Lobe's request, but in December 1995, the Cleveland Bar Association concluded that under DR 2-107(B),[1] Lobe's fee dispute concerning the California litigation was within its jurisdiction and recommended that Lobe file a

---

1. DR 2-107(B) provides: "In cases of dispute between lawyers under this rule, fees shall be divided in accordance with mediation or arbitration provided by a local bar association. Disputes that cannot be resolved by a local bar association shall be referred to the Ohio State Bar Association for mediation or arbitration."

petition with the Fees Mediation and Arbitration Committee of the bar association. In February 1996, Lobe filed the petition.

{¶ 3} Shortly thereafter, in response to the bar association's assumption of jurisdiction over the fee dispute, Shimko filed an action in the Franklin County Court of Common Pleas seeking a judgment declaring DR 2-107(B) unconstitutional because it violated his rights to due process, equal protection, and trial by jury. The common pleas court entered judgment in favor of Lobe, finding that DR 2-107(B) did not violate Shimko's constitutional rights.

{¶ 4} On appeal, the Court of Appeals for Franklin County vacated that portion of the common pleas court judgment relating to Shimko's claim that DR 2-107(B) violated his constitutional right to a jury trial. *Shimko v. Lobe* (1997), 124 Ohio App.3d 336, 706 N.E.2d 354. On that sole claim, the court of appeals remanded the cause to the common pleas court to assess the reasonableness of DR 2-107(B) in eliminating Shimko's right to a jury trial. *Id.*, 124 Ohio App.3d at 348, 706 N.E.2d at 361. Further discretionary appeals to this court were either not allowed or dismissed for failure to prosecute. *Shimko v. Lobe* (1998), 81 Ohio St.3d 1450, 690 N.E.2d 545; *Shimko v. Lobe* (1998), 81 Ohio St.3d 1502, 691 N.E.2d 1061. On remand to the Franklin County Court of Common Pleas, Shimko voluntarily dismissed his declaratory judgment action.

{¶ 5} In 1999, Lobe renewed his demand for the Cleveland Bar Association to arbitrate the fee dispute. In March 1999, the bar association notified Shimko that it would conduct arbitration proceedings in the matter under DR 2-107(B).

{¶ 6} In April 1999, Shimko filed a complaint in the Franklin County Court of Common Pleas against Lobe, the Cleveland Bar Association, the Ohio State Bar Association, John Ricotta, Patrick Holland, Robert Nuemann, and Eric Nickerson. Ricotta and Holland are attorneys who represented Nuemann and Nickerson in an unsuccessful suit against Shimko regarding a separate attorney fee dispute concerning the California litigation. In this April 1999 complaint, Shimko

2

reiterated his claims from his previous declaratory judgment action, *i.e.*, that DR 2-107(B) violated his constitutional rights, including his right to a jury trial, and that DR 2-107(B) did not apply to of-counsel arrangements. Shimko further claimed that Lobe, Ricotta, Holland, Nuemann, and Nickerson conspired to harm him. Shimko requested a judgment declaring that DR 2-107(B) violated his constitutional rights, an injunction prohibiting the defendants, including the bar associations, from proceeding against him under DR 2-107(B), and damages.

{¶ 7} In August 1999, the Franklin County Court of Common Pleas held a hearing on Shimko's request for a temporary restraining order and/or a preliminary injunction. At the hearing, Shimko and Lobe agreed that they would have no problem with permitting the arbitration conducted by the Cleveland Bar Association to proceed and the common pleas court could then stay the execution on any arbitration award. During the hearing, Shimko stated that having the arbitration proceed might not deprive him of his right to a jury trial.

{¶ 8} Following a hearing, the arbitration panel issued an award in the fee dispute in favor of Lobe and against Shimko in the amount of $50,000 plus interest. On March 10, 2000, Lobe filed a motion in the Cuyahoga County Court of Common Pleas for an order confirming the arbitration award pursuant to R.C. 2711.09. On the same date, the Cuyahoga County Common Pleas Court granted Lobe's motion and entered judgment in favor of Lobe and against Shimko for $50,000 plus interest.

{¶ 9} On March 15, 2000, Shimko moved to vacate the March 10 judgment. Shimko claimed that vacation of the judgment was warranted because Lobe did not provide him written notice of a hearing on his March 10 motion pursuant to R.C. 2711.09 and, under the jurisdictional priority rule, the Franklin County Common Pleas Court had jurisdiction of the matter to the exclusion of the Cuyahoga County Common Pleas Court. The Cuyahoga County court granted the motion and vacated its March 10, 2000 judgment. The Cuyahoga County court subsequently stayed

execution of any judgment, set bond at $60,000, and determined that there was no just cause for delay.

{¶ 10} In July 2000, Shimko filed this action in the Court of Appeals for Cuyahoga County. Shimko requested a judgment declaring that the orders issued by appellee, Judge Richard McMonagle, in the Cuyahoga County Common Pleas Court case were null and void and additionally requested writs of mandamus and prohibition ordering Judge McMonagle to cease enforcing or issuing any orders in the case and to transfer the case to the Franklin County Common Pleas Court. Judge McMonagle filed a motion to dismiss Shimko's complaint. In November 2000, the court of appeals granted Judge McMonagle's motion and dismissed the case.

{¶ 11} In his appeal as of right, Shimko asserts that the court of appeals erred in dismissing his action. For the following reasons, Shimko's argument lacks merit, and we affirm the judgment of the court of appeals.

{¶ 12} Neither mandamus nor prohibition will issue if Shimko has an adequate remedy in the ordinary course of law. *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663, 667. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal. See *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 449-450, 727 N.E.2d 900, 903.

{¶ 13} Shimko first contends that Judge McMonagle lacks jurisdiction over the proceedings brought by Lobe to confirm the arbitration award because the jurisdictional priority rule patently and unambiguously divests any court other than the Franklin County Court of Common Pleas of jurisdiction over the arbitration matter.

{¶ 14} The jurisdictional priority rule specifies: " 'As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the

4

institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 46, 476 N.E.2d 1060, 1062, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second. *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 151, 684 N.E.2d 1234, 1236; *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, 913.

{¶ 15} The Cuyahoga County and Franklin County cases involve different claims for relief and different parties. The Cuyahoga County case is Lobe's action under R.C. 2711.09 to confirm the arbitration award against Shimko. The Franklin County case involves Shimko's action for damages for a civil conspiracy and a judgment declaring DR 2-107(B) unconstitutional, and restraining Lobe, the bar associations, and others from proceeding against him under DR 2-107(B).

{¶ 16} Nor is it *patent and unambiguous* that these different actions are part of the same "whole issue" so that they could be litigated only in Franklin County. At the hearing in Franklin County on Shimko's request for injunctive relief, Shimko agreed that the arbitration should proceed. He further opined that going forward with arbitration "maybe * * * doesn't" impair his right to a jury trial. Judge McMonagle has in fact stayed the execution of a judgment on the arbitration award. Therefore, based on Shimko's statements at the hearing, even he was not certain whether the proceedings were mutually exclusive.

{¶ 17} Moreover, *CWP Ltd. Partnership v. Vitrano* (May 15, 1997), Cuyahoga App. No. 71314, unreported, 1997 WL 253156, one of the main cases relied upon by Shimko, involved a jurisdictional priority claim raised by motion to

vacate rather than by extraordinary writ. Cf. *State ex rel. Banc One Corp. v. Walker* (1999), 86 Ohio St.3d 169, 172, 712 N.E.2d 742, 745-746 ("Significantly, most of the authorities relied on by appellants were resolved by appeal rather than by extraordinary writ"). This indicates that Shimko has an adequate remedy by motion to vacate and appeal to raise his claims. As noted previously, Shimko has indeed filed a motion to vacate, which has been *granted* by Judge McMonagle. In addition, Shimko could have filed a motion to change the venue of the arbitration confirmation case to Franklin County. *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 118, 647 N.E.2d 807, 810.

{¶ 18} Therefore, the jurisdictional priority rule does not patently and unambiguously divest Judge McMonagle of authority to proceed in the arbitration case. Although the foregoing factors are not necessarily dispositive of Shimko's jurisdictional claim, they establish that there is no *patent and unambiguous* lack of jurisdiction on the part of Judge McMonagle.

{¶ 19} Shimko next asserts that noncompliance with the R.C. 2711.09 notice requirement divested Judge McMonagle of jurisdiction to proceed. R.C. 2711.09 provides that written notice of an application for a court order confirming an arbitration award "shall be served upon the adverse party or his attorney five days before the hearing."

{¶ 20} Shimko cites no authority for his proposition that a failure to comply with the five-day-written-notice requirement is a jurisdictional defect that is remediable by extraordinary writ. This claimed error is instead normally raised by motion to vacate and appeal. See, *e.g., Zingarelli v. Lord* (Nov. 17, 1994), Franklin App. No. 94APE05-699, unreported, 1994 WL 649999; *Witmer v. Woessner* (May 10, 1993), Stark App. No. CA-9173, unreported, 1993 WL 171775; *Perrot v. Swad Chevrolet* (Nov. 6, 1990), Franklin App. No. 90AP-736, unreported, 1990 WL 174020. In fact, Shimko filed a motion to vacate the March 10, 2000 order confirming the award under R.C. 2711.09, and Judge McMonagle *granted* the

motion. Further post-vacation proceedings by Judge McMonagle with proper notice provided to Shimko under R.C. 2711.09 were not precluded. Cf., *e.g.*, *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 558, 653 N.E.2d 366, 371, where we held that although the trial court lacked jurisdiction to vacate a judgment while an appeal from that judgment was pending, it had jurisdiction to do so after the appeal was dismissed.

{¶ 21} Finally, to the extent that Shimko requested a declaratory judgment in this case, courts of appeals lack original jurisdiction over claims for declaratory judgment. *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 18, 706 N.E.2d 765, 771.

{¶ 22} In sum, Judge McMonagle has basic statutory jurisdiction over Lobe's R.C. 2711.09 Cuyahoga County action for an order confirming the arbitration award. See R.C. 2711.16. Neither the jurisdictional priority rule nor R.C. 2711.09 patently and unambiguously divested Judge McMonagle of that jurisdiction. Therefore, Shimko has an adequate remedy by appeal to raise his claims, and the court of appeals properly dismissed Shimko's claims for extraordinary relief in mandamus and prohibition. In so holding, we need not expressly rule on Shimko's jurisdictional claims, " 'since our review is limited to whether * * * jurisdiction is *patently and unambiguously lacking*.' (Emphasis *sic*.)" *State ex rel. Sellers*, 72 Ohio St.3d at 118, 647 N.E.2d at 810, quoting *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541, 545.

{¶ 23} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., not participating.

————————————

*Carter R. Dodge* and *Timothy A. Shimko*, for appellant.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Charles E. Hannan*, Assistant Prosecuting Attorney, for appellee.

_____