OPINION
Appellant, James Stojkov, appeals from the September 21, 2001 judgment entry of the Trumbull County Court of Common Pleas, Probate Division, dismissing his petition to adopt Alexander Lawrence Stojkov ("Alexander") and Adam Russell Stojkov ("Adam") for lack of jurisdiction.
Alexander and Adam were the issue of the marriage of appellee, Richard Earnhardt, and Candace Stojkov ("Candace"). Appellee and Candace were granted a divorce in February or March 2000.[1] Candace subsequently married appellant on February 14, 2001. On August 21, 2001, appellant filed petitions for the adoption of Alexander and Adam. Pursuant to its September 21, 2001 judgment entry, the probate court dismissed the petition for lack of jurisdiction, stating that the domestic relations court had established jurisdiction over this matter in 1998.
Appellant has filed a timely appeal of the probate court's decision and assigned the following error:
 "The probate court erred, to the prejudice of [appellant], when it dismissed his petitions for the adoption of [Alexander] and [Adam] citing the jurisdictional priority rule because the probate court has original and exclusive jurisdiction in adoption proceedings."
 The jurisdictional priority rule provides that between state courts of concurrent jurisdiction, the authority of the court which first properly acquires jurisdiction of a matter continues until the matter is completely and finally adjudicated. State ex rel. Shimko v. McMonagle (2001), 92 Ohio St.3d 426, 429; State ex rel. Taft v. Franklin Cty. Court of Common Pleas (1998), 81 Ohio St.3d 1244, 1246. The rule applies "when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." McMonagle, 92 Ohio St.3d at 429.
In this case, the domestic relations court has jurisdiction over visitation and custody issues. The jurisdiction of a domestic relations court over visitation and custody issues, however, should not impinge upon the jurisdiction of a probate court over an adoption petition. The legal issues and parties differ between a visitation or custody issue and an adoption petition, even though the same children are at the center of both legal disputes. On that basis alone, the application of the rule enunciated in McMonagle would provide the probate court with jurisdiction over the adoption petition.
Additionally, it is well established in Ohio that in adoption matters, probate courts have exclusive jurisdiction. In re Ridenour (1991),61 Ohio St.3d 319, 324. Further, the Supreme Court of Ohio has explicitly held that "a Probate Court has jurisdiction to hear and determine an adoption proceeding relating to a minor child notwithstanding the fact that the custody of such child is within the continuing jurisdiction of a divorce court." In re Biddle (1958), 168 Ohio St. 209, 215. This court has also previously noted that "`(* * *) continuing jurisdiction of the juvenile court (does) not present a jurisdictional bar to adoption proceedings in probate court. (* * *) The probate court may exercise its jurisdiction in adoption proceedings while juvenile court has continuing jurisdiction over custody. * * *'" In re Geisman (Sept. 29, 2000), Ashtabula App. No. 99-A-0071, unreported, 2000 WL 1460035, at 4, quotingIn re Hitchcock (1996), 120 Ohio App.3d 88, 103.
We conclude that the probate court's judgment entry of September 21, 2001, is devoid of any facts that would suggest that it lacked jurisdiction over appellant's adoption petitions. Appellant's assignment of error is with merit. Therefore, the decision of the Trumbull County Court of Common Pleas, Probate Division, is reversed and this matter is remanded for further proceedings consistent with this opinion.
[1] The record before this court is insufficient to determine the exact date on which the marriage was terminated.