Appellant-appellant, Caryl J. Pfost, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of the State Personnel Board of Review, ("SPBR"), which affirmed appellant's removal from her position with appellee-appellee, the Ohio Attorney General.
Appellant worked as a crime victims claims investigator/economic loss investigator with the Attorney General's Office of Crime Victims Services ("AG") for approximately sixteen years prior to her removal in 1996. In 1992, the AG initiated corrective counseling for appellant on at least two occasions and issued appellant a verbal reprimand due to unsatisfactory work performance and attendance. In 1993, appellant received additional corrective counseling and a one-day suspension without pay for unacceptable work performance. Appellant's performance problems continued in 1994, resulting in additional corrective counseling for failure to complete assigned work and failure to maintain accountability for case files, a three-day suspension without pay due to "ongoing attendance and performance problems," and a five-day suspension without pay due to inefficiency, neglect of duty, and failure of good behavior.
In July 1995, the AG conducted a thirty-day performance review; during that time appellant was not assigned new cases so that she could process existing claims and improve her work performance. During that review period, appellant's supervisor notified her that her work performance continued to decline and required improvement. In August 1995, appellant provided her supervisor with a letter from her physician indicating that appellant was undergoing treatment for depression, and that appellant's symptoms were the cause of her unsatisfactory work productivity. Appellant also informed her supervisor in 1995 that she was taking medication to control her diabetes and high blood pressure. Neither appellant nor her physician requested specific accommodation for appellant's conditions. Later in 1995, appellant received a twenty-day suspension without pay due to inefficiency and incompetence.
In the early part of 1996, appellant's supervisors further documented appellant's continued lack of improvement, resulting in reassignment of some of appellant's cases to other investigators and in ongoing managerial scrutiny of appellant's work. On March 1, 1996, the AG removed appellant for inefficiency and incompetence.
Appellant appealed her removal to SPBR. Following a hearing, an administrative officer recommended that SPBR affirm the removal. SPBR adopted the hearing officer's report and recommendation and affirmed the AG's action. Appellant appealed SPBR's decision to the Franklin County Court of Common Pleas. The common pleas court determined pursuant to R.C. 119.12 that SPBR's order was supported by reliable, probative, and substantial evidence, and affirmed the order. Appellant appeals, assigning the following errors:
 ASSIGNMENT OF ERROR NO. I: THE TRIAL COURT'S DECISION THAT PLAINTIFF-APPELLANT DID NOT DISCLOSE HER MEDICAL CONDITION TO HER EMPLOYER AND THAT EMPLOYER DID NOT FAIL TO ACCOMMODATE APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. II: THE TRIAL COURT'S DECISION THAT PLAINTIFF-APPELLANT WAS NOT SUBJECTED TO DISPARATE TREATMENT BETWEEN APPELLANT PFOST AND CO-WORKER PEARL SOWELL IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. III: THE TRIAL COURT'S DECISION UPHOLDING PLAINTIFF-APPELLANT'S TERMINATION BY THE STATE PERSONNEL BOARD OF REVIEW ERRED, AS A MATTER OF LAW, AND IS CONTRARY TO THE HOLDING IN FULTZ v. CHILLICOTHE CORRECTIONAL INSTITUTION.
R.C. 119.12, which generally governs appeals from administrative adjudications, authorizes the common pleas court to affirm an order of an administrative agency "if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." On appeal to this court, our standard of review is whether the common pleas court abused its discretion in finding the administrative decision to be supported by reliable, probative, and substantial evidence. Gen. MotorsCorp. v. Joe O'Brien Chevrolet, Inc. (1997), 118 Ohio App.3d 470,483, appeal not allowed, (1997), 79 Ohio St.3d 1445. Our review of whether the agency's order is in accordance with law is plenary. Id.
Appellant's first and third assignments of error are interrelated, and we address them together. Appellant's first assignment of error contends the common pleas court erred in determining appellant failed to communicate her disability to the AG or to request an accommodation under the Americans with Disabilities Act ("ADA"). Essentially, appellant asserts that her depression caused the decline in productivity and efficiency for which she was removed, and that the AG therefore had an affirmative duty under the ADA to provide her with a reasonable accommodation after she notified employer that she was undergoing treatment for the alleged disability. Appellant further contends that because the purported disability caused the unacceptable work product on which her removal was based, the AG's alleged failure to provide a reasonable accommodation affected the lawfulness of the removal.
Initially, SPBR's statutory jurisdiction to resolve an employment discrimination claim is questionable. SeeCincinnati v. Dixon (1992), 78 Ohio App.3d 164; cf. Whitehallex rel. Wolfe v. Ohio Civ. Rights Comm. (1995), 74 Ohio St.3d 120,122 (distinguishing between administrative civil rights claims and appeals to SPBR). Assuming, without deciding, that SPBR and the common pleas court properly considered appellant's discrimination argument, appellant's contentions nevertheless lack merit.
The federal ADA, Section 12101 et seq., Title 42, U.S. Code, prohibits an employer from discriminating against a qualified individual with a disability, because of the disability, in regard to discharge. See Section 12112(a), Title 42, U.S.Code. Appellant offered little evidence on the issue of whether she is a "qualified individual with a disability." See, generally,Siemon v. AT T Corp. (C.A. 10 1997), 117 F.3d 1173 and Olsonv. General Electric Astrospace (C.A.3 1996), 101 F.3d 947. However, even if we assume appellant is a qualified individual with a disability, appellant's invoking the ADA ultimately fails because appellant did not request an accommodation from the AG.
Under the ADA, "discriminate" includes a failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an * * * employee * * *." Section 12112(b)(5)(A), Title 42, U.S.Code. Although appellant notified the AG that her depression contributed to her diminished productivity, appellant cites no evidence that she affirmatively requested an accommodation for that, or any other condition. Rather, appellant contends that mere notice of her alleged disability triggered employer's duty to accommodate her limitation, resulting in low productivity.
In seeming support of appellant's contentions, the ADA's corresponding regulations suggest that "[t]o determine the appropriate reasonable accommodation it may be necessary for the [employer] to initiate an informal, interactive process with the [disabled employee] * * * [to] identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." See Section 1630.2 (o)(3), Title 29, C.F.R. However, those regulations also indicate that "[i]n general * * * it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed." Section 1630.9, Title 29, C.F.R. In light of the foregoing language, federal courts have concluded that the employee's initial request for an accommodation triggers the employer's obligation to participate in the above-mentioned interactive process. Taylor v. Principal Financial Group, Inc.
(C.A.5 1996), 93 F.3d 155, certiorari denied (1996),117 S.Ct 586; Kocsis v. Multi-Care Management, Inc. (C.A.6 1996)97 F.3d 876; Scheer v. City of Cedar Rapids (N.D. Iowa 1997),956 F. Supp. 1496. "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one."Taylor, supra, at 165.
Here, appellant did not communicate to the AG a need for a specific accommodation. Accordingly, appellant "cannot expect the employer to read her mind and know she secretly wanted a particular accommodation and [blame] the employer for not providing it." Scheer, supra at 1500 (quoting Morton v. GTENorth, Inc., 922 F. Supp. 1169, 1180 (N.D.Tex. 1996) (additional citations omitted). Given the foregoing, even if we conclude that appellant is a "qualified individual with a disability" under the ADA, appellant's argument is not well-taken.
Appellant also contends in her first assignment of error that the common pleas court erred in rejecting her contention that the AG was required to place her on family medical leave as a form of accommodation. The federal Family Medical Leave Act ("FMLA") entitles an "eligible employee" to twelve weeks of unpaid leave per year for, among other things, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." Section 2612(a)(1)(D), Title 29, U.S.Code. The FMLA does not, however, place a duty on an employer to affirmatively grant leave without a request for medical leave or notice by the employee.Brohm v. JH Properties, Inc. (C.A.6, 1998), 149 F.3d 517, 523. "Rather, to invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." Id. (citing Manuel v. Westlake Polymers Corp. (C.A.5, 1995), 66 F.3d 758).
Here, appellant offered no evidence that she requested medical leave. Appellant contends that her December 1994 request for two days of vacation leave, which the AG denied due to appellant's absenteeism, is tantamount to such a request. Appellant, however, cites no evidence connecting the 1994 vacation request to her medical conditions.
Appellant also cites Manuel for the proposition that the AG's knowledge of her mental and physical conditions was sufficient to require it to place appellant on FMLA leave. While Manuel
held that an employee need not actually mention the FMLA by name, it also indicated that "the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." Manuel, supra, at 764 (citation omitted); accord, Brohm, supra, at 523. Because appellant did not request medical leave or anything suggesting it, her argument under FMLA is unpersuasive.
Appellant argues in her third assignment of error thatFultz v. Chillicothe Corr. Inst. (Oct. 23, 1986), SPBR No. 86-REM-05-577, unreported, imposes an affirmative duty on an employer to place an employee on FMLA leave, even if the employee fails to request medical leave. Even if SPBR can render binding precedent regarding the interpretation of federal statutes, Fultz is clearly distinguishable from appellant's case. In Fultz, the employee was removed for alleged neglect of duty arising from sleeping during work hours. In disaffirming the removal, the hearing officer inFultz emphasized that the employee's sleep disorders mitigated his culpability in neglecting his duty. Id. at 17. The decision, however, does not rest on the employer's duty to place the employee on FMLA leave.
Appellant also contends in her third assignment of error that the common pleas court erred in upholding SPBR's determination that the AG was not required to impose involuntary disability separation ("IDS"). Appellant argues that because Ohio Adm. Code123:1-33-02 requires an appointing authority to provide the employee with notice and a hearing prior to imposing an IDS, and the AG did not impose an IDS in her case, she has been deprived of procedural due process relative to her removal.
As a classified civil servant, appellant was entitled to oral or written notice of the charges serving as the basis for her removal, an explanation of employer's evidence against her, and an opportunity to be heard before being terminated. Emanuel v.Columbus Recreation Parks Dept. (1996), 115 Ohio App.3d 592,597, appeal not allowed, (1997), 78 Ohio St.3d 1438. Appellant received notice of the charges against her and a pre-disciplinary hearing. The AG thus complied with the procedural due process requirements with regard to appellant's removal. The AG was not required to provide notice and a hearing regarding IDS because it did not elect to place appellant on IDS.
Finally, appellant asserts generally throughout her first and third assignments of error that the common pleas court's decision is not supported by reliable, probative, and substantial evidence. R.C. 124.34 allows removal of an employee in the classified civil service from his or her employment on the basis of incompetency or inefficiency. The extensively-documented disciplinary history the AG submitted demonstrates that appellant failed to maintain the requisite quantity and quality of work over a three to four year period of time. Based on that evidence and the fact that appellant does not cite any evidence from the record in support of the contention that she was neither incompetent nor inefficient, the court of common pleas did not abuse its discretion in determining that SPBR's affirmance of the removal was supported by reliable, probative, and substantial evidence.
For the foregoing reasons, appellant's first and third assignments of error are overruled.
Appellant's second assignment of error asserts that the common pleas court incorrectly affirmed SPBR's holding that appellant was not subjected to disparate treatment. Appellant contends the AG administered more severe discipline to her than to Pearl Sowell, another claims investigator in appellant's office, for similar productivity problems.
Ohio Adm. Code 124-9-11(A) provides that SPBR may hear evidence of disparate treatment "to determine whether the discipline of similarly situated employees is uniform." While appellant's argument focuses on the number and severity of disciplinary measures the AG initiated against appellant in relation to the measures administered against Sowell, the record reveals that appellant and Sowell received similar progressive disciplinary measures for inefficiency and incompetence. Moreover, appellant's focus on Sowell's continued employment in spite of performance problems similar to appellant's ignores the fact that Sowell received disability leave immediately after her twenty-day suspension and remained in that status until the time of the adjudication hearing.
Appellant also contends that the sheer volume of disciplinary actions administered against Sowell evidences disparate treatment because the AG removed appellant without administering an equal number of less-severe disciplinary measures. Although the AG administered other disciplinary actions against Sowell, those measures were generally related to Sowell's relationships and cooperation with co-workers and management, rather than her inability to perform her duties. Because those disciplinary actions were not administered for inefficiency and incompetence, they are of limited comparative value in appellant's disparate treatment analysis.
Given the substantial evidentiary support for the common pleas court's determination that appellant was not subjected to disparate treatment in relation to Pearl Sowell, the court did not abuse its discretion in reaching that conclusion. Accordingly, appellant's second assignment of error is overruled.
Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.