OPINION
{¶ 1} Plaintiff-appellant Scott M. Baker (hereinafter "appellant") appeals from the judgment entry of the Franklin County Municipal Court overruling appellant's objections and motion to vacate and adopting the magistrate's decision. For the reasons that follow, we reverse.
 {¶ 2} Appellant and defendant-appellee Cheryl M. Revels (hereinafter "appellee") were married on June 30, 1989. In 2001, appellant filed for divorce. While the divorce action was pending, the parties executed a Divorce Settlement Memorandum. Subsequently, appellant submitted a proposed Agreed Judgment Entry-Decree of Divorce to appellee for approval. Appellee did not sign it. The domestic court judge executed the Divorce Decree on April 19, 2002 (hereinafter "decree").
 {¶ 3} The decree provides as follows with respect to the marital residence:
[Appellant] shall receive the marital real estate located at 6016 Winterberry Drive, Galloway, Ohio 43119 [(hereinafter" property")], free and clear of all claims of [appellee] other than those set forth below:
[Appellee] shall have the right to execute a lease agreement with option to purchase within thirty (30) days of the filing of this [decree] which will provide [appellee] a tenancy interest in the real estate * * * for a two (2) year period at a monthly rental payment in an amount equal to the monthly mortgage payment * * * less Two Hundred Dollars ($200.00).
 {¶ 4} The record is devoid of evidence indicating appellee executed a lease agreement as permitted by the decree. Moreover, appellee did not make the required monthly rental payments. As a result, on or about June 22, 2002, appellant served appellee with a notice to leave the premises.
 {¶ 5} On July 19, 2002, appellee filed a motion for rule of contempt with the Franklin County Court of Common Pleas, Domestic Relations Division. Appellee sought an order finding appellant in contempt of court for allegedly failing to abide by the terms of the decree. On January 16, 2003, appellee withdrew her motion. Moreover, she filed a motion to vacate the decree on January 31, 2003. The domestic relations court overruled appellee's motion on July 11, 2003.
 {¶ 6} On October 15, 2002, appellant filed a complaint in forcible entry and detainer (hereinafter "FED action") with the Franklin County Municipal Court seeking appellee's removal from the property. On November 13, 2002, a hearing in this matter proceeded before a magistrate. The magistrate issued his report and decision on December 10, 2002. The magistrate concluded the municipal court lacked the ability to adjudicate fully the competing interests of the parties. Instead, the domestic relations court was properly situated to address the competing issues between the parties.
 {¶ 7} Appellant filed objections to the magistrate's decision or, alternatively, a motion to vacate on December 23, 2002. On March 28, 2003, the trial court overruled appellant's objections and motion to vacate and adopted the magistrate's decision.
 {¶ 8} Appellant timely appeals and asserts the following assignment of error:
The Trial Court Erred To The Prejudice Of Plaintiff-Appellant Scott M. Baker By Dismissing The Eviction Proceeding For Lack Of Subject Matter Jurisdiction And/Or By Overruling Plaintiff-Appellant's Motion For Relief From Judgment.
 {¶ 9} Appellant contends the trial court erroneously determined it lacked subject matter jurisdiction. Appellant asserts the filing of the contempt motion by appellee did not divest the trial court of subject matter jurisdiction. To the contrary, under the present circumstances, municipal court, not domestic relations court, is the court which may properly exercise subject matter jurisdiction.
 {¶ 10} A municipal court's jurisdiction over an eviction matter is governed by R.C. 1923.01(A), which provides:
As provided in this chapter, any judge of a county or municipal court * * * within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force. If, upon the inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements.
 {¶ 11} The jurisdiction of domestic relations courts is governed by R.C. 3105.011, which states:
The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters.
Additionally, R.C. 3103.04 provides:
Neither husband nor wife * * * can be excluded from the other's dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction.
 {¶ 12} In light of the foregoing statutes, the issue before us is whether municipal or domestic relations court has subject matter jurisdiction to determine which party has the right to possession of the property, which is the former marital residence of the parties. For guidance, we turn to Talbott v. Talbott
(Nov. 13, 1986), Franklin App. No. 86AP-248.
 {¶ 13} In Talbott, William and Victoria Talbott were divorced by judgment entry and decree of divorce filed March 20, 1986. The domestic relations court determined the house was not a marital asset. On April 1, 1986, William filed a forcible entry and detainer action in the Franklin County Municipal Court seeking restitution of the house. The municipal court granted the request by judgment entry on April 15, 1986.
 {¶ 14} On appeal, we determined "[t]he municipal court would have jurisdiction to proceed with an eviction action, provid[ed] that the order of the domestic relations court was final." Id. Stated another way, "[w]hen the disposition of the house is determined with legal finality, the municipal court is a proper court in which to bring an FED action." Id.
 {¶ 15} The same legal analysis was advanced in Yergan v.Yergan (July 14, 1999), Medina App. No. 2901-M. Albert and Charlotte Yergan were in the process of obtaining a divorce. The domestic relations court ordered Mrs. Yergan to vacate the marital residence within seven days. When Mrs. Yergan failed to comply, Mr. Yergan filed a complaint for eviction in the Wadsworth Municipal Court. In concluding the municipal court did not have subject matter jurisdiction, the Yergan court held:
When Mr. Yergan instituted his forcible entry and detainer action against Mrs. Yergan, their divorce had not been reducedto a final decree of divorce that divided the parties' property. Therefore, the domestic relations court maintained exclusive jurisdiction over the matter and was the only "court of competent jurisdiction" at that time * * *. The Wadsworth Municipal Court was without jurisdiction to entertain Mr. Yergan's forcible entry and detainer action.
(Emphasis added.)
 {¶ 16} In the matter before us, the parties' divorce was reduced to a final decree on April 19, 2002. The decree determined with legal finality the disposition of the property. The decree awarded the property to appellant with appellee retaining the right to execute a lease with option to purchase within 30 days of the date of the decree, April 19, 2002. Accordingly, the municipal court had subject matter jurisdiction and was able to consider appellant's FED action.
 {¶ 17} This conclusion is not altered by appellee's filing of the contempt motion with domestic relations court. In reaching this conclusion, the analysis in State ex rel. Sellers v.Gerken (1995), 72 Ohio St.3d 115, 117, is instructive: "`As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" * * * "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." * * *
In general, it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and "[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter." * * *
(Citations omitted.)
 {¶ 18} As such, for the contempt motion to have divested municipal court of subject matter jurisdiction, the claims or causes of action must be the same. An examination of appellee's contempt motion clearly reveals the only issue with respect to the property is a dispute regarding payment of utilities. There is nothing in appellee's contempt motion pertaining to which party is entitled to possession of the property or to appellant's attempt to remove appellee from the property. Accordingly, the contempt motion, and the issues raised therein, was independent of appellant's FED action.
 {¶ 19} Therefore, appellant's sole assignment of error is hereby sustained and the judgment of the Franklin County Municipal Court is hereby reversed, and this cause is remanded to the Franklin County Municipal Court for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
Bowman and Petree, JJ., concur.