FRANK D. CELEBREZZE, JR., J.:
{¶ 1} Plaintiffs-appellants, Shawn and Brooke Grill ("appellants"), appeal the grant of summary judgment in favor of defendants-appellees, Artistic Renovations of Ohio, L.L.C., and its owner, Ken Perrin (collectively "Artistic"). Appellants argue that the trial court erred by applying the doctrine of res judicata and denying their *937 Civ.R. 56(F) motion for an extension of time to file a brief in opposition to Artistic's motion for summary judgment. After a thorough review of the record and law, this court affirms.
I. Factual and Procedural History
{¶ 2} In 2013, appellants purchased a home in Independence, Ohio. They intended to substantially remodel the home before moving in. Appellants enlisted Artistic as the general contractor to complete the construction and remodeling work. The parties entered into a home construction/remodeling contract on January 28, 2014. A dispute arose regarding Artistic's work on the project.
A. The First Lawsuit
{¶ 3} As a result of the dispute regarding Artistic's construction/remodeling work, appellants filed a complaint against Artistic and Sue Perrin on October 3, 2014, in Cuyahoga C.P. No. CV-14-833782. Appellants asserted causes of actions for breach of contract, violations of the Ohio Consumer Sales Practices Act, fraud, unjust enrichment, alter ego, and negligence. On December 31, 2014, Artistic filed an answer and counterclaims against appellants for breach of contract and quantum meruit, seeking to recover for work completed on the project that appellants had not compensated Artistic for.
{¶ 4} Despite the fact that Artistic counterclaimed for breach of contract and quantum meruit, appellants dismissed their complaint pursuant to Civ.R. 41(A)(1)(a) on January 12, 2016. A bench trial commenced on Artistic's counterclaims on January 20, 2016. At the close of trial, the trial court issued findings of fact and conclusions of law on March 25, 2016. The trial court concluded that Artistic failed to substantially complete the project within a reasonable time period, and thus, was not entitled to contractual damages. The trial court held that Artistic was entitled to an award in quantum meruit/unjust enrichment based on the reasonable value of the work it performed on appellants' property. The trial court awarded Artistic $18,462.95.
{¶ 5} On April 25, 2016, appellants filed an appeal challenging the trial court's judgment. Shawn Grill v. Artistic Renovations of Ohio L.L.C., 8th Dist. Cuyahoga No. 104383. On May 3, 2016, appellants voluntarily dismissed the appeal.
B. The Second Lawsuit
{¶ 6} On December 8, 2016, in Cuyahoga C.P. No. CV-16-872875, appellants filed a complaint against Artistic, All Seasons Appraisals L.L.C. ("All Seasons"), and Huntington Bank ("Huntington").[1] Appellants asserted causes of action against Artistic and Perrin for breach of contract, breach of warranty, violations of the Ohio Consumer Protection Act, fraud in the inducement, fraud in the performance, negligent misrepresentation, and unjust enrichment. Appellants asserted causes of action against All Seasons for breach of contract and negligence. Appellants asserted causes of action against Huntington for breach of contract and respondeat superior.
{¶ 7} On February 17, 2017, Artistic filed an answer and a counterclaim alleging that appellants engaged in frivolous conduct pursuant to R.C. 2323.51(A)(2). On the same date, Artistic filed a motion for judgment on the pleadings, arguing that appellants' claims were barred by res judicata. On March 7, 2017, the trial court converted Artistic's motion for judgment on the pleadings to a motion for summary judgment.
{¶ 8} Appellants filed a response to Artistic's counterclaim on March 13, 2017.
*938 Artistic supplemented its motion for summary judgment on April 3, 2017.
{¶ 9} On April 26, 2017, appellants filed a motion for an extension of time to respond to Artistic's motion for summary judgment. Artistic opposed the motion for an extension of time on April 28, 2017.
{¶ 10} On May 1, 2017, the trial court denied appellants' motion for an extension of time to respond to Artistic's motion for summary judgment. The trial court ordered appellants to file their brief in opposition to Artistic's motion for summary judgment on or before May 3, 2017.
{¶ 11} On May 3, 2017, appellants filed a brief in opposition to Artistic's motion for summary judgment and a motion for an extension of time pursuant to Civ.R. 56(F). On May 11, 2017, Artistic filed a reply brief in support of its motion for summary judgment.
{¶ 12} On May 13, 2017, the trial court granted Artistic's motion for summary judgment, concluding that appellants' claims against Artistic were barred by the doctrine of res judicata. It is from this judgment that appellants filed the instant appeal on June 9, 2017.
{¶ 13} Appellants assign two errors for review:
I. The trial court committed reversible error when it granted [Artistic's] motion for summary judgment on grounds of res judicata as the instant case alleges new claims against new parties from those set forth in [CV-14-833782], and is based on evidence discovered after the filing of [CV-14-833782].
II. The trial court committed reversible error when it denied appellants' Rule 56(F) request for an extension of time to complete discovery and supplement its brief in opposition to [Artistic's] motion for summary judgment as [appellants] were [not] reasonably able to complete needed discovery prior to their deadline to file its brief in opposition despite due diligence.
II. Law and Analysis
A. Standard of Review
{¶ 14} Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. , 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).
{¶ 15} The moving party has the initial responsibility of establishing that it is entitled to summary judgment. Dresher v. Burt , 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." Deutsche Bank Natl. Trust Co. v. Najar , 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, 2013 WL 1791372, ¶ 16, citing Dresher at 293, 662 N.E.2d 264.
{¶ 16} Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the nonmoving party has a duty to come forth with argument and evidence demonstrating a material issue of fact does exist that would preclude judgment as a matter *939 of law. Dresher at id. Summary judgment is appropriate if the nonmoving party fails to meet this burden. Id.
B. Res Judicata
{¶ 17} In the first assignment of error, appellants argue that the trial court erred by granting Artistic's motion for summary judgment based on the doctrine of res judicata.
{¶ 18} The trial court concluded that the claims appellants asserted against Artistic in their second complaint were compulsory counterclaims that were or should have been raised in the first lawsuit, and that both lawsuits arose from the same home renovation project.
{¶ 19} Pursuant to the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. , 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. It is well established under Ohio law that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogers v. Whitehall , 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986). "The doctrine of res judicata applies to those who were parties in the prior action, to those who were in privity with the litigants, and also to those who could have joined the action and did not." Jarvis v. Wells Fargo Bank, N.A. , 7th Dist. Columbiana No. 09 CO 6, 2010-Ohio-3283, 2010 WL 2749602, ¶ 22, citing Howell v. Richardson , 45 Ohio St.3d 365, 367, 544 N.E.2d 878 (1989). A party's failure to assert a compulsory counterclaim constitutes a form of res judicata. See, e.g., Smith v. Bank of Am. , 7th Dist. Mahoning No. 11-MA-169, 2013-Ohio-4321, 2013 WL 5446933, ¶ 36.
{¶ 20} In the instant matter, appellants argue that the claims they asserted in the second complaint were not compulsory counterclaims in the first lawsuit, and thus, the trial court erred by concluding that these claims were barred by the doctrine of res judicata. In support of their argument, appellants contend that the first and second lawsuits (1) involve different causes of action, (2) are based on a different set of operative facts, and (3) have different parties. Appellants do, however, acknowledge that there is "inherently some overlap" in the facts giving rise to the first case and the facts giving rise to the second case. Furthermore, appellants acknowledge that the first and second cases "[arise] out of the same residential home construction/remodeling project entered into between [a]ppellants and [g]eneral [c]ontractors [Artistic.]" Appellants' brief at 3.
{¶ 21} In Ferrara v. Vicchiarelli Funeral Servs. , 2016-Ohio-5144, 69 N.E.3d 171 (8th Dist.), this court explained:
Civ.R. 13(A) governs compulsory counterclaims. Under this rule, all existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of which party initiates the action. Rettig Ents. v. Koehler , 68 Ohio St.3d 274, 626 N.E.2d 99 (1994), paragraph one of the syllabus. In addition to promoting judicial economy, the rule is designed to assist courts with the "orderly delineation of res judicata." Lewis v. Harding , 182 Ohio App.3d 588, 2009-Ohio-3071, 913 N.E.2d 1048, ¶ 12 (8th Dist.). A party who fails to assert a compulsory counterclaim at the proper time is barred from litigating that claim in a subsequent lawsuit. Id.
Ohio courts use the "logical relation" test to determine whether a claim is a compulsory counterclaim. Rettig Ents. at paragraph two of the syllabus. Under *940 this test, a compulsory counterclaim exists if that claim "is logically related to the opposing party's claim" such that "separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts * * *." Id. Accordingly, "multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.' " Id. at 279 [626 N.E.2d 99], quoting Great Lakes Rubber Corp. v. Herbert Cooper Co. , 286 F.2d 631, 634 (3d Cir. 1961).
Ferarra at ¶ 11-12.
{¶ 22} In applying the two-part Rettig test to the facts in this case, we find that the claims appellants asserted against Artistic in the second complaint were compulsory counterclaims. Under the first prong, we find that appellants' claims existed when they filed the first complaint in October 2014 and when Artistic filed its answer and counterclaims in the first lawsuit in December 2014.
{¶ 23} In Roth v. Glueck , 1st Dist. Hamilton No. C-110780, 2012-Ohio-4407, 2012 WL 4478440, the appellate court held that res judicata did not bar plaintiffs-appellants from filing claims against defendant-appellee in a second lawsuit because the conduct giving rise to the claims had not occurred at the time that the first lawsuit was settled, and thus, the claims could not have been brought as claims in the first lawsuit. Id. at ¶ 27. In this case, appellants do not argue that the conduct giving rise to the claims in the second lawsuit occurred after the filing of the first lawsuit-they argue that they did not discover these facts or evidence until after they filed the first complaint. Appellants' argument is unsupported by the record.
{¶ 24} First, appellants argue that on December 17, 2015, the city of Independence's building department informed Artistic and several subcontractors that city inspectors discovered numerous building code violations. Appellants appear to suggest that this was the first time that they became aware of the building code violations. However, in Counts 4 and 6 of the original complaint, appellants alleged that some of Artistic's work failed to comply with the city's building code. See Complaint at ¶ 12, 45, 55.
{¶ 25} Second, appellants assert that after they filed the first complaint on October 3, 2014, they learned that Artistic had not paid several subcontractors. Specifically, appellants contend that they learned Artistic had not paid Toss, Inc., G & D Eurostone, Inc., Yes Electric, Inc., and Compass Insulation. Appellants claim that they did not learn that Artistic was defrauding subcontractors and retaining all of the money until after the bench trial in the first lawsuit. The record reflects, however, that appellants were aware that Artistic had not paid subcontractors when they filed the first complaint. In Count 2 of the original complaint, appellants alleged that Artistic failed to inform First Merit Bank that they had not paid subcontractors. Complaint at ¶ 30; see also ¶ 14 (alleging that Artistic failed to "pay employees and subcontractors although [Artistic] had been paid in full for the work completed.").
{¶ 26} Third, appellants assert that they did not discover some evidence of Artistic's fraud until the bench trial in the first lawsuit. Appellants claim that Artistic's owner, Ken Perrin, admitted that (1) he artificially inflated the value of homes that Artistic works on as a general contractor, and (2) he goes directly to the bank to make payment draw requests, which is contrary to the terms of the escrow agreement *941 with First Merit Bank. In Count 2 of the first complaint, however, appellants alleged that Artistic materially understated or misstated the cost of completing the contract. Complaint at ¶ 32.
{¶ 27} Under the second Rettig prong, we find that the appellants' claims arose out of the transaction or occurrence-the construction/remodeling contract-that was the subject matter of Artistic's counterclaims for breach of contract and quantum meruit in the first lawsuit. The basis for each cause of action asserted by appellants in their second complaint arose from the construction/remodeling agreement and the homeowner-general contractor relationship that existed between appellants and Artistic. Appellants' claims against Artistic in the second complaint bear a logical relationship to the claims appellants asserted against Artistic in the first complaint and Artistic's counterclaims for breach of contract and quantum meruit.
{¶ 28} Because the claims that appellants asserted against Artistic in the second complaint satisfy both prongs of the Rettig two-part test, they were compulsory counterclaims that either were or should have been asserted in the first lawsuit. Appellants either asserted and then abandoned their claims against Artistic in the first lawsuit or should have but failed to assert their claims against Artistic in the first complaint. Thus, appellants were barred from asserting these claims in the second lawsuit.
{¶ 29} Appellants' argument that res judicata does not apply because the parties in the first and second lawsuits are different is misplaced. As noted above, appellants asserted claims against All Seasons and Huntington in their second complaint. All Seasons and Huntington were not parties in the first lawsuit.
{¶ 30} The trial court only dismissed the claims that appellants asserted against Artistic in Counts 1 through 7 of the second complaint. The trial court did not dismiss the claims that appellants asserted against All Seasons and Huntington in Counts 8 through 11 of the second complaint.
{¶ 31} Based on the foregoing analysis, we find that the trial court properly concluded that appellants were barred from asserting the claims against Artistic in their second complaint. Accordingly, appellants' first assignment of error is overruled.
C. Civ.R. 56(F) Motion for Extension of Time
{¶ 32} In the second assignment of error, appellants argue that the trial court erred by denying their Civ.R. 56(F) motion for an extension of time to respond to Artistic's motion for summary judgment.
{¶ 33} Civ.R. 56(F), which permits trial courts to allow additional discovery before having to oppose a summary judgment motion, provides:
Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
"The trial court has wide discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F) and its decision will not be reversed absent an abuse of that discretion." Scanlon v. Scanlon , 2013-Ohio-2694, 993 N.E.2d 855, ¶ 24 (8th Dist.). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable.
*942 Ruwe v. Bd. of Twp. Trustees , 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987). While the trial court has discretion to determine whether additional time to gather rebuttal evidence is appropriate, "that discretion should be exercised liberally in favor of a nonmoving party who proposes any reasonable interval for the production of those materials," where there is a realistic possibility that genuine issues of material fact will require jury consideration. Whiteleather v. Yosowitz , 10 Ohio App.3d 272, 276, 461 N.E.2d 1331 (8th Dist. 1983).
Chisholm v. Cleveland Clinic Found. , 8th Dist. Cuyahoga No. 105106, 2017-Ohio-8060, 2017 WL 4423004, ¶ 20.
The party seeking additional time to respond to a motion for summary judgment must present sufficient reasons that would justify the requested continuance. Wombold v. Barna, 2d Dist. [Montgomery] No. 17035 [1998 WL 853081], 1998 Ohio App. LEXIS 5881 [ (Dec. 11, 1998) ]. The party seeking additional time must do more than merely assert generally the need for additional discovery. Id. There must be a factual basis stated and reasons given why the party cannot present facts essential to its opposition to the motion. Id.
Penix v. Avon Laundry & Dry Cleaners , 8th Dist. Cuyahoga No. 91355, 2009-Ohio-1362, 2009 WL 792348, ¶ 31 ; see also Gates Mills Invest. Co. v. Pepper Pike , 59 Ohio App.2d 155, 392 N.E.2d 1316 (8th Dist. 1978) (holding that the affidavits must state sufficient reasons why the movant cannot presently oppose the motion and why or how the continuance, deferral of action, or discovery would permit the party to obtain such facts). In order to grant a Civ.R. 56(F) motion, the trial court must be convinced that there is a likelihood of discovering some such facts. Penix at ¶ 32.
{¶ 34} In the instant matter, appellants argue that the trial court abused its discretion in denying their Civ.R. 56(F) motion. In support of their argument, appellants contend that they discovered "considerable evidence of wrongdoing" by Artistic, All Seasons, and Huntington after filing the first complaint in October 2014, and that they had very limited time to conduct discovery and respond to Artistic's motion for summary judgment.
{¶ 35} After reviewing the record, we cannot say that the trial court abused its discretion in denying appellants' Civ.R. 56(F) motion for an extension of time. We initially note that the same judge presided over both lawsuits and was aware of the discovery exchanged in both cases. Thus, the trial court was in the best position to determine whether an extension and/or additional discovery was necessary.
{¶ 36} As noted above, Artistic filed a motion for judgment on the pleadings on February 17, 2017. Appellants filed a motion for an extension of time to respond to Artistic's motion on February 23, 2017.
{¶ 37} On March 7, 2017, the trial court converted Artistic's motion for judgment on the pleadings to a motion for summary judgment, denied appellants' motion for an extension of time to respond to Artistic's motion for judgment on the pleadings, and set forth the following schedule for briefing in its journal entry:
[Artistic] may supplement their motion for summary judgment on or before 04/03/2017. [Appellants] may filed a brief in opposition to [Artistic] on or before 05/03/2017. [Artistic] may file a reply in support of their motion for summary judgment within 10 days of service of [appellants'] brief in opposition. [Appellants'] motion for extension of time to respond to [Artistic's] motion for judgment on the pleadings, filed 02/23/2017, is denied as moot. Discovery is ongoing. The court will not consider any discovery motions unless and until the parties *943 make a sincere effort to resolve the dispute and, if not resolved, contact the court via conference call to discuss the disputed issues. The court shall set a scheduling conference to set further deadlines after ruling on [Artistic's] motion for summary judgment.
{¶ 38} On April 26, 2017, appellants filed another motion for an extension of time to respond to Artistic's motion for summary judgment. Therein, appellants argued that they had not been able to complete the discovery they needed to "fully and completely" respond to Artistic's motion for summary judgment.
{¶ 39} Artistic opposed appellants' motion for an extension of time on April 28, 2017. Therein, Artistic argued that appellants' request for another extension of time was "harassing, draining, and wholly unnecessary." Artistic emphasized that res judicata is a purely legal issue, and thus, appellants did not need to conduct further discovery in order to respond to the summary judgment motion. Finally, Artistic asserted that appellants were not entitled to conduct further discovery regarding issues or claims that could have or should have been brought in the first case because these claims are barred by res judicata.
{¶ 40} On May 1, 2017, the trial court denied appellants' motion for an extension of time to respond to Artistic's motion for summary judgment and ordered appellants to file its brief in opposition on or before May 3, 2017. The trial court's order was consistent with the schedule that the trial court established on March 7, 2017.
{¶ 41} On May 3, 2017, two days after the trial court denied appellants' second motion for an extension of time, appellants filed a brief in opposition to Artistic's summary judgment motion and requested a third extension of time pursuant to Civ.R. 56(F). Appellants requested an extension of time "to conduct discovery so [they] can supplement [their brief in opposition to Artistic's summary judgment motion]."
{¶ 42} The record reflects that appellants had nearly two months-from March 7, 2017, when the trial court converted Artistic's motion for judgment on the pleadings to a motion for summary judgment, until May 3, 2017-to respond to Artistic's summary judgment motion. Furthermore, appellants' Civ.R. 56(F) motion for an extension of time was the second request appellants made to conduct further discovery after the trial court explicitly stated that it would not address any further discovery motions unless the parties made a sincere effort to resolve the dispute.
{¶ 43} Based on the foregoing analysis, we cannot say that the trial court's denial of appellants' request for an extension of time was unreasonable, arbitrary, or unconscionable. Appellants' second assignment of error is overruled.
III. Conclusion
{¶ 44} After thoroughly reviewing the record, we affirm the trial court's judgment. The claims that appellants asserted against Artistic in their second complaint were compulsory counterclaims that should have been asserted in the first lawsuit. Because appellants dismissed or failed to present these claims in the first lawsuit, they were barred by the doctrine of res judicata from asserting these claims against Artistic in the second lawsuit. Furthermore, the trial court did not abuse its discretion in denying appellants' Civ.R. 56(F) motion for an extension of time.
{¶ 45} Judgment affirmed.
ANITA LASTER MAYS, P.J., and KATHLEEN ANN KEOUGH, J., CONCUR

All Seasons and Huntington are not parties to the instant appeal.