[Cite as *Point E. Condominium Owners' Assn. v. Bilfield*, 2025-Ohio-2142.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

POINT EAST CONDOMINIUM
OWNERS' ASSOCIATION,

      Plaintiff-Appellant/Cross-
Appellee,

      v.

BRYAN S. BILFIELD, ET AL.,

      Defendants-Appellees/
Cross-Appellants.

:
:
:
:
:
:
:
:

No. 113738

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
      AND REMANDED
**RELEASED AND JOURNALIZED:** June 18, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-968731

---

### *Appearances:*

Lester S. Potash; Reminger Co., L.P.A., Jonathan H. Krol,
Brian D. Sullivan, and Brianna M. Prislipsky, *for plaintiff-
appellant/cross-appellee.*

Bilfield & Associates, LLC, Murray D. Bilfield, and
Anthony S. Farren, *for defendants-appellees/cross-
appellants.*

ANITA LASTER MAYS, J.:

{¶ 1}   Plaintiff-appellant/cross-appellee   Point   East   Condominium Association (the "HOA") and defendants-appellees/cross-appellants Bryan S. Bilfield ("Bryan"), Murray Bilfield ("Murray"), Lillian Bilfield ("Lillian"), and Sharon S. Campbell formerly Sharon S. Bram ("Sharon") (collectively the "Bilfields") appeal portions of the trial court's rulings on the parties' cross-motions for summary judgment.  After a thorough review of the case law and pertinent facts, the judgment is affirmed in part and reversed in part.

I.    **Background and Facts**

{¶ 2}   On October 2, 1995, Lillian acquired a condominium unit at Point East Condominiums managed and operated by the HOA. The deed included a condominium provision that provided as follows:

> As part of the consideration for this Warranty Deed and in consideration of the inclusion of like covenants in all conveyances of other Units in the Point East Condominium, the Grantee, by acceptance of this deed, agrees for her and her heirs and assigns to and with the Grantor and his successors and assigns, for the benefit of the Grantor and of every person, firm or corporation who shall or may become the owner of or have any title derived immediately or remotely through or under the Grantor, his successors and assigns, to any unit of said Point East Condominium, to be bound by all the terms and conditions of the said Declaration and By-Laws and to include a covenant similar hereto in each and every subsequent conveyance or encumbrance of the above-described premises.

> The benefits and obligations hereunder shall inure to the benefit of and be binding upon the respective successors, heirs, executors, administrators and assigns of the respective parties.

{¶ 3}   The unit served as Lillian's personal residence for approximately 23 years.  On December 12, 1996, Lillian quit-claimed a life estate to the unit to herself

and a remainder interest to the Bilfields as tenants in common. On July 19, 2001, Lillian executed an Adjustable-Rate Open-End Home Equity Conversion Mortgage with a Condominium Rider, and an Adjustable-Rate Open-End Home Equity Conversion Second Mortgage with Condominium Rider (collectively, "Reverse Mortgage") for $315,000 guaranteed by the United States Department of Housing and Urban Development ("HUD").[1]   The Bilfields' signatures and initials also appear on these documents. Under the Reverse Mortgage, Lillian would receive a small monthly payment for life or until she had not resided in the unit for 12 consecutive months.

{¶ 4} On January 22, 2019, Murray notified the HOA that Lillian moved to an assisted living facility due to failing health and was unable to pay further condominium fee assessments. As a Medicaid-supported patient, the nursing home retained the majority of Lillian's social security income. Murray informed the HOA that a deed in lieu of foreclosure was in process with the Reverse Mortgage provider and requested that based on Lillian's 23 years of ownership, timely payment of dues, and failing health, the HOA refrain from pursuing collection actions against her.

{¶ 5} On May 30, 2019, Bryan recorded an irrevocable disclaimer under R.C. 5815.36 with the Cuyahoga County Recorder disclaiming his remainder

---

[1] A reverse mortgage enables senior citizens with home equity to withdraw a portion of the equity to supplement their income, or to repair or purchase a home. There are no monthly principal and interest payments during the term. https://www.hud.gov/hud-partners/single-family-hecmhome accessed March 15, 2025.

property interest in the unit. R.C. 5815.36 governs disclaimers of testamentary and nontestamentary succession to real and personal property. On June 16, 2020, Sharon and Murray followed suit.

{¶ 6} On July 10, 2019, February 21, 2020, and December 11, 2020, the HOA filed certificates of lien under R.C. 5312.12 for outstanding assessments due to nonpayment of liens from February 2019 and thereafter. The liens were for $6,559.09, $19,988.77, and $32,514.39, plus interest per R.C. 1343.01 and subsequently accruing assessments.

{¶ 7} On April 30, 2021, the HOA filed a "complaint for foreclosure" against Lillian, her unknown spouse, the State of Ohio Department of Taxation, and the United States of America in *Point East Condominium Owners Assn. v. Bilfield*, Cuyahoga C.P. No. CV-21-947012 ("foreclosure case").

{¶ 8} Lillian passed away on January 4, 2022. A probate estate was not opened. On January 18, 2022, the HOA filed an "amended complaint for foreclosure against "Lillian Bilfield, et al. Defendants;" "unknown heirs, devisees, legatees, executives and administrators, if any, of Lillian;" the "Bilfields (Bryan, Murray, and Sharon) and others comprising Lillian's and/or the Bilfield's current, former and unknown spouses, and the State of Ohio Estate Tax division."

{¶ 9} On August 16, 2022, approximately eight months after the amended complaint was filed, the trial court warned that the foreclosure case may be dismissed for failure to prosecute and a hearing was set for September 22, 2022.

{¶ 10} On September 19, 2022, the Bilfields filed a joint answer that denied liability and asserted the irrevocable disclaimers as an affirmative defense, claiming there was no testamentary or nontestamentary succession to ownership of the unit. The September 22, 2022 evidentiary hearing on the foreclosure was held, and on September 26, 2022, the magistrate's foreclosure decision was issued. The decision included the sums to be recovered by the creditors based on lien priorities and granted an *in rem* judgment of $65,554.07 to the HOA with interest, court costs, title work expenses, and attorney fees to be determined. The decision also found that the State and the Bilfields disclaimed their interest in the unit. The trial court adopted the decision on October 17, 2022.

{¶ 11} On January 11, 2023, the confirmation of sale was journalized. HUD held the first and best liens totaling $330,464 and, upon sale of the unit, received the entire net sale proceeds of $137,500. The HOA recovered its court costs. The confirmation of sale was journalized on January 11, 2023.

{¶ 12} Meanwhile, also in the Cuyahoga County Court of Common Pleas, seven days prior to the evidentiary hearing in the foreclosure case and 11 days prior to the magistrate's decision, on September 15, 2022, the HOA filed the instant case, entitled "complaint for declaratory and monetary judgments" against the Bilfields only ("instant case").

{¶ 13} The complaint referenced portions of the Declaration of Condominium Ownership for Point East Condominium ("Declaration") and the accompanying preliminary judicial report documented interests of record regarding

the unit. The HOA claimed sums due under the lien certificates, accrued assessments, late fees, expenses, and attorney fees.

{¶ 14} The HOA also requested a declaratory judgment that the Bilfields' irrevocable disclaimers were invalid under R.C. 5815.36(J)(1). The statute provides that a disclaimer is voided if the disclaimant "[a]ssigns, conveys, encumbers, pledges, or transfers, or contracts to assign, convey, encumber, pledge, or transfer, the property or any interest in it." *Id.*[2] The HOA argued that the Bilfields executed the Reverse Mortgage prior to signing and recording the disclaimers, thus rendering the disclaimers void. As a result, the HOA contended, upon Lillian's death, the Bilfields became jointly and severally liable based on their remainder interests for all unpaid assessments levied, administrative late charges, and collection fees including under the Declaration. The Bilfields maintain that the HOA's conclusion would arguably create a cloud on title.

{¶ 15} The HOA prayed for (1) a declaration that the irrevocable disclaimers were void; (2) a declaration that the Bilfields became liable as successor-grantees of the unit and subject to the Declaration upon Lillian's death; (3) judgment against the Bilfields jointly and severally for the unpaid assessments, late charges, statutory interest, attorney fees and costs; (4) and other equitable and just relief as deemed by the trial court.

---

[2] Bryan's disclaimer was dated May 9, 2019, and recorded May 30, 2019. Sharon and Murray's disclaimers were dated June 8, 2020, and recorded June 16, 2020.

{¶ 16} The pending foreclosure case was not referenced in the complaint. The Bilfields contended the HOA purposefully concealed the filing of the instant case at the foreclosure case evidentiary hearing and failed to dispute the validity of the Bilfields irrevocable disclaimers.

{¶ 17} The Bilfields answered and counterclaimed for (1) a declaratory judgment that Article XI(H) of the Declaration is substantively unconscionable and/or void against public policy; and (2) the HOA's breach of fiduciary duties to Lillian by arbitrarily and inconsistently enforcing the Declaration by engaging in "self-dealing" and "self-serving" conduct. Affirmative defenses included res judicata and collateral estoppel.

{¶ 18} The parties moved for summary judgment by filing four dispositive motions:

> 1. Plaintiff Point East Condominium Association's Motion for Summary Judgment, filed February 6, 2023; Plaintiff's Supplement to Motion for Summary Judgment, filed November 29, 2023; and Defendants' Brief in Opposition, filed February 8, 2024.
>
> 2. Defendants' Motion for Summary Judgment on Plaintiff's Complaint, filed December 27, 2023; Plaintiffs Brief in Opposition, filed January 19, 2024; and Defendants' Reply Brief, filed February 2, 2024.
>
> 3. Defendants' Motion for Summary Judgment on its Counterclaims, filed December 27, 2023; Plaintiffs Brief in Opposition, filed January 23, 2024; and Defendants' Reply Brief, filed February 15, 2024.
>
> 4. Plaintiffs Motion for Summary Judgment on Defendants' Counterclaims, filed December 27, 2023; Defendants' Brief in Opposition filed, January 26, 2024; and Plaintiffs Reply Brief, filed February 2, 2024.

Journal Entry No. 176637251 (Mar. 5, 2024) Order and Opinion, p. 1.

## II. Trial Court's Judgment

{¶ 19} Upon due consideration of the parties' motions, the trial court determined the following:

### A. Irrevocable disclaimers

{¶ 20} The Bilfields "did not have the right to disclaim their interest in Unit 810. R.C. 5815.36(J) expressly states that a disclaimant's right to disclaim is barred if he contracts to encumber the property." *Id*. at p. 3-4. The Bilfields contracted to encumber the property by executing the reverse mortgages and condominium riders on July 19, 2001. Thus, the Bilfields are bound by the Declaration and Bylaws. The doctrines of res judicata, collateral estoppel and waiver did not apply to the foreclosure case decision on the disclaimer because the court did not make a finding regarding the validity of the disclaimers, but stated only that the Bilfields as well as the State of Ohio disclaimed their interest in the property. *Id*. at p. 4-5.

### B. Unpaid assessments

{¶ 21} The doctrine of res judicata serves as a complete bar to the HOA's claims in the instant case. As a valid, final judgment rendered upon the merits, it barred all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. The HOA knew during the foreclosure case that Lillian passed before the HOA amended the complaint in that action to add the Bilfields. The HOA also knew the Bilfields were title holders of the unit and allegedly responsible under the Declaration. "Plaintiff

should have brought these claims in the foreclosure action." Journal Entry No. 176637251 (Mar. 5, 2024), Order and Opinion, p. 6.

### C. Counterclaims

{¶ 22} The Bilfields failed to provide evidence that Declaration Article XI(H) was procedurally or substantively unconscionable and thus unenforceable. The trial court rejected the Bilfields' breach of fiduciary duty claim based on this court's holding that a condominium association's board owed a fiduciary duty to the association but not to individual members of the association. *Wood v. Cashelmara Condo. Unit Owners' Assn.*, 2022-Ohio-1496 (8th Dist.). Journal Entry No. 176637251 (Mar. 5, 2024), Order and Opinion, p. 7.

### D. Synopsis of grant or denial

{¶ 23} The HOA "is entitled to judgment as a matter of law under Civ.R. 56(C) only as to the Declaratory Judgment claim." The Bilfields' "irrevocable disclaimers are null and void." The HOA's "Summary Judgment Motion is denied as to all other claims." *Id.* at p. 8.

{¶ 24} The Bilfields "are entitled to judgment as a matter of law. . . as to [the HOA's] claims for unpaid assessments and fees pursuant to the doctrine of Res Judicata." *Id.* The Bilfields' summary judgment motion is denied "as to the Declaratory Judgment claim regarding the irrevocable waivers." *Id.*

{¶ 25} On the Bilfields' counterclaims, the HOA "is entitled to judgment as a matter of law under Civ.R. 56(C)" and the Bilfields' "Motion for summary Judgment on its Counterclaims is denied." *Id.*

## III. Appeals.

{¶ 26} The parties appeal the trial court's summary judgment findings addressed herein.

### A. Standard of review

{¶ 27} An appellate court's review of summary judgment rulings is de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, in viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 28} Under a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate their entitlement to summary judgment. *Dresher v. Burt,* 1996-Ohio-107. If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

## IV. The HOA's Direct Appeal

### A. Assignment of error

I. Where a lien holder may independently and separately sue in equity to foreclose, sue at law directly on the debt, or bring an action in

ejectment, the trial court erred when holding that res judicata precludes plaintiff's suit on the debt where there had been a previous action in foreclosure.

{¶ 29} The trial court granted the HOA's motion for summary judgment declaring that the irrevocable disclaimers filed by the Bilfields were void under R.C. 5815.36(J) and that the Bilfields were liable for the unpaid assessments as grantees of the property. However, the trial court's grant of the Bilfields' cross-motion for summary judgment finding that the doctrine of res judicata applies serves as a complete bar to the HOA's recovery in this case.

{¶ 30} The HOA denies that res judicata applies, stating that "an action on a debt and an action to foreclose a mortgage are two different beasts, which are not required to be brought in a single action." *Third Fed. Savs. Bank v. Cox*, 2010-Ohio-4133 (8th Dist.). The Bilfields counter that the HOA's status as a lienholder is not equivalent to that of a foreclosing mortgagee. A lienholder, the Bilfields assert, is required to pursue all potential claims against the debtor and may not, as a general creditor, divide its foreclosure claim, an action in equity, and later file a separate action at law to collect the underlying debt. The HOA disagrees and offers that "both constitute a security interest in and to real estate which become 'subject to the payment of debts, and liable to be taken on execution and sold as provided in section 2329.02 to 2329.61 of the Revised Code.' R.C. 2923.01(A)."

{¶ 31} The foreclosure case was filed by the HOA to initiate the sale of the Unit and allow recovery of the sums claimed on the recorded lien certificates and other amounts purportedly allowed for unpaid condominium expenses and

assessments. The HOA named Lillian, her unknown spouse, the State of Ohio Department of Taxation and United States of America as defendants. The Bilfields were not named parties though their interests and recorded disclaimers were clearly listed in the preliminary judicial report that accompanied the complaint.[3]

{¶ 32} Lillian passed on January 4, 2022. The HOA filed the "amended complaint for foreclosure adding new party defendants" on January 18, 2022, including the Bilfields and Lillian's unknown or potential heirs as defendants — information known from the inception of the case. The HOA argues it "did not seek a monetary judgment from the Defendants [in the foreclosure case]; rather it sought to have the Defendants set forth any claim or interest they had or may have in and to" the unit or be barred. The amended complaint sought a monetary judgment against decedent Lillian plus interest; that all defendants answer and set forth any claim to the unit or be forever barred; that all liens be declared valid, marshaled and the unit sold pursuant to law; costs, attorneys fees or a judgment for same; and "any additional relief to which it may be entitled at law or in equity, including, but not limited to additional unpaid common property expenses, assessments, and other charges incurred subsequent to the filing of the within action."

{¶ 33} The foreclosure magistrate's decision specified that the case was submitted and heard upon the (1) amended complaint of the HOA, (2) answer of

---

[3] A preliminary judicial report lists the "record owner of real property, a legal description of the parcel of land, and a listing of all interests in the property that appear of record. *See* R.C. 2329.191(B)." *U.S. Bank N.A. v. Columbia Park East MHP, L.L.C.*, 2018-Ohio-5234, ¶ 11 (8th Dist.).

the State of Ohio Department of Taxation "disclaiming any interest," (3) the answer of defendant State of Ohio Estate Tax Division "disclaiming any interest," (4) the answer of defendant United States of America, (5) the answer of defendant Lillian "now deceased," (6) the joint answer of the Bilfields filed on September 19, 2022, (7) the HOA's motion for default judgment, and (8) "the evidence." Thus, the Bilfields' interests and disclaimers were part of the record from the inception of the case and referenced in the evidence considered by the foreclosure court.

{¶ 34} The foreclosure decision set forth the lien priorities upon sale of the property, indicated that the HOA's judgment was in rem, and specified that the Bilfields and the State of Ohio disclaimed any interest in the Unit. The Bilfields argue that in addition to the evidence in the record, there was an evidentiary hearing on the foreclosure issues and interests. For these reasons, the Bilfields offer that the conclusion of the trial court in the instant case that the foreclosure court did not make a finding regarding the validity of the disclaimers is unsupported.

{¶ 35} There are two judgments that are appealable in foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale. *Fidelity. Bank, N.A. v. Unknown Heirs of Bowyer,* 2023-Ohio-611, ¶ 9 (8th Dist.), citing *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39. The foreclosure order "determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." *Id.*, citing *id.*

{¶ 36} The proper means to challenge the court's determination in the foreclosure order is to appeal. Once the foreclosure order is final and the appellate process concluded, a party may no longer challenge the rights and responsibilities of the parties set forth in the foreclosure order. *Id.*, citing *id.*

{¶ 37} The HOA did not file objections to the magistrate's decision or appeal the foreclosure judgment. The foreclosure decree expressly advises: "A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a) (ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b)."

{¶ 38} Instead of filing an appeal one week before the scheduled foreclosure hearing, while the case was still pending before a court of competent jurisdiction, the HOA filed the instant suit seeking to recover under the lien certificates and Declaration.

> "'As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 476 N.E.2d 1060, quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977) syllabus.

*Third Fed. Sav. Bank v. Cox*, 2010-Ohio-4133, ¶ 10 (8th Dist.).

{¶ 39} The rule does not apply if

> (1) the cause of action in both cases differ, or (2) the parties in both cases differ. *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429, 2001-Ohio-301, 751 N.E.2d 472. Thus, "if the first case does not

involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *Id.*

*Id.* Despite the commonalities, the HOA did not seek to consolidate the actions.

{¶ 40} This court agrees that the foreclosure court's final judgment in this case serves as res judicata. As the trial court explained:

> Pursuant to the doctrine of Res Judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grill v. Artistic Renovations*, 106 N.E.3d 934, 2018-Ohio-747 (8th Dist.). It is well established under Ohio law that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. *Id.* "The doctrine of Res Judicata requires a plaintiff to present every ground for relief in the first action, or forever be barred from asserting it." (Citations omitted.) *Natl. Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 558 N.E.2d 1178, 1180 (1990).
>
> In considering a claim under res judicata,
>
> it must be determined whether: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Lenard v. Miller*, 2013 Ohio App. LEXIS 4933, 2013-Ohio-4703, ¶ 27 (8th Dist.)

Journal Entry No. 176637251 (Mar. 5, 2024), p. 5.

{¶ 41} The trial court correctly recognized:

> The Court finds that there was a final, appealable judgment of the merits of the foreclosure action after a full and fair opportunity to litigate all issues; Plaintiff and Defendants were all parties in the foreclosure action; Plaintiffs claims as to personal liability for the unpaid assessments could have been litigated in the foreclosure action; and Plaintiffs claims arise out of the same transaction or occurrence as the foreclosure action.

Plaintiff knew that Lillian Bilfield had passed away before filing its Amended Complaint in the foreclosure action which added Defendants as parties to the case. Additionally, Plaintiff knew that Defendants were title holders to the property, and responsible for the assessments and fees pursuant to the Point East Condominium Association Declaration of Condominium Ownership. Plaintiff should have brought these claims in the foreclosure action. As such, the doctrine of Res Judicata prevents Plaintiffs from pursuing these claims against Defendants.

{¶ 42} The trial court's judgment is affirmed. The first assignment of error is overruled.

## V. The Bilfields' Cross-Appeal

{¶ 43} The Bilfields assign two errors on cross-appeal.

I. The trial court committed error prejudicial to the appellees when it ruled that the irrevocable disclaimers executed by the appellees were null and void and appellees are bound by the Point East Condominium Association Declaration and Bylaws.

II. The trial court committed errors prejudicial to the appellees when it ruled that without specific evidence appellees could not prove that the last sentence in Article XI(H) is unconscionable, violates Ohio contract law and is not enforceable against the appellees.

### A. Disclaimers and declaration

{¶ 44} The Bilfields argue that the trial court's holding that the disclaimers were null and void under R.C. 5815.36(J) and, as a result, the Bilfields are bound by the Declaration, is in error. This court agrees.

{¶ 45} The trial court rejected the Bilfields' argument that the issues of the validity of the disclaimers and enforceability of the Declaration were barred by the doctrines of res judicata, collateral estoppel, and waiver. The trial court opined:

A review of the foreclosure action reveals that the Court did not make a finding that the irrevocable disclaimers were valid, rather, the Court

found that Defendants disclaimed their interest in the property. The same finding was made as to the State of Ohio, who was also a defendant in the case and did not file an irrevocable disclaimer. Because the Court did not make a finding regarding the validity of the irrevocable disclaimer[s], the doctrines of Res Judicata, Collateral Estoppel, and Waiver do not apply.

{¶ 46} As discussed in this court's analysis of the HOA's assignment of error, the foreclosure court based its decision and order on a broad record. The Bilfields' disclaimers were included in the preliminary judicial reports submitted with the original and amended foreclosure complaints and set forth in the Bilfields' answer and affirmative defenses. The foreclosure decision provides that, "*the Magistrate finds that the following Defendants disclaimed any interest in the within property*: . . . Bryan S. Bilfield . . . Murray D. Bilfield . . . Sharon Campbell." (Emphasis added.)

{¶ 47} Also, as the trial court explained in the instant case, it is clear from the record that the HOA knew of the Bilfields' interest in the property and alleged responsibility for the assessments and fees and the grounds therefore, including the Declaration — "Plaintiff should have brought these claims in the foreclosure action." There were no objections posed to the magistrate's decision or appeal of the foreclosure judgment. Based on the record before this court, we find that the foreclosure court did, in fact, make a finding regarding the validity of the disclaimers in that case. Thus, the issue is barred by res judicata and the trial court's judgment that the disclaimers are invalid is reversed.

{¶ 48} The first cross-assignment of error is sustained.

**B. Declaration unconscionability, enforceability, legality**

{¶ 49} The Bilfields challenge the trial court's findings that the Bilfields could not prove that the last sentence in Article XI(H) is unconscionable, the Declaration does not violate Ohio law, and the Declaration is enforceable against the Bilfields are in error.

{¶ 50} This court's finding that res judicata applies to the HOA's claims in this case including the disclaimers and, correspondingly, the Declaration renders the second cross-assignment of error moot. App.R. 12(A)(1)(c).

## VI. Conclusion

{¶ 51} The trial court's judgment of res judicata is affirmed, and plaintiff-appellant/cross-appellee HOA's first assignment of error is overruled. The first cross-assignment of error of defendants-appellees/cross-appellants, the Bilfields, is sustained and the trial court's judgment that the disclaimers are invalid and the Declaration is binding on the Bilfields is reversed as it is barred by the doctrine of res judicata. The second cross-assignment of error is rendered moot by this court's findings on the first assigned errors on direct-appeal and on cross-appeal.

{¶ 52} Judgment affirmed in part, reversed in part, and remanded.

{¶ 53} It is ordered that defendants-appellees/cross-appellants recover from plaintiff-appellant/cross-appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

KATHLEEN ANN KEOUGH, J., CONCURRING IN JUDGMENT ONLY IN PART AND DISSENTING IN PART:

{¶ 54} I would affirm the trial court's decision outright. Accordingly, I respectfully dissent with the majority's resolution regarding the first cross-assignment of error in which the Bilfields assert that the trial court erred in declaring their irrevocable disclaimers invalid. The majority decision agrees with the Bilfields, finding that the foreclosure court made a finding on the validity of the disclaimers, and thus res judicata barred the HOA's existing cause of action seeking to declare the Bilfields' irrevocable disclaimers invalid. I respectfully disagree.

{¶ 55} I agree with the trial court that the foreclosure court did not make any legal conclusion about the validity of the Bilfields' disclaimers, but only made a finding that the Bilfields disclaimed their interest in the property. The validity of the disclaimers was not an issue raised before the foreclosure court, nor was it necessary for the HOA to obtain foreclosure on the property. I would affirm the trial court's decision finding that the Bilfields' irrevocable disclaimers were invalid pursuant to R.C. 5815.36(J), which prohibits disclaimer when the disclaimant

encumbers the property or any interest in it. When the Bilfields executed the reverse mortgages and condominium riders in July 2001, this encumbered the property. Accordingly, I would affirm the trial court's decision concluding that the Bilfields' disclaimers were invalid because the property was still encumbered by the reverse mortgages and condominium riders at the time the Bilfields' executed the disclaimers.

{¶ 56} Although I would find that the disclaimers were invalid, does this determination now allow the HOA to pursue and obtain a judgment against the Bilfields in this separate action? The answer is no, and thus I agree with the majority's decision that res judicata prevents the HOA's present action. The cases cited by the HOA in support of their position that separate actions can be brought at separate times are distinguishable because those cases involved instances where the parties were not in privity with each other, *see, e.g.*, *Cox*, 2010-Ohio-4133 (8th Dist.), *Huntington Bank v. Michel*, 2017-Ohio-9404 (7th Dist.), or where statutory law allowed for a subsequent action to collect a personal judgment, *Mathews v. Cooper*, 2021-Ohio-2768 (8th Dist.). Accordingly, although these cases demonstrate that a party may in some instances bring a subsequent legal action following a foreclosure action, none of those situations are applicable to the facts herein.

{¶ 57} Moreover, although R.C. 5311.18 permitted the HOA to foreclosure on the lien in the same *manner* as a *mortgage* on real property, there is no promissory note in this action to allow for a separate action solely seeking a money judgment.

Accordingly, unlike in typical promissory note and mortgage foreclosures, the HOA did not have a separate instrument to base its separate action. The Bilfields' obligation arose based on a lien authorized by statute and operation of the Declaration and Bylaws itself, that was subsequently filed with the recorder's office as a certificate of lien. Whether the HOA could have exercised any other type of action as permitted by the Declaration and Bylaws has not been raised and thus not before this court.

{¶ 58} As the majority concluded, the HOA had knowledge of the Bilfields' interest and liability and thus could have sought a personal judgment in the foreclosure action. At the time the foreclosure complaint was filed, by virtue of the judicial report, the HOA knew that (1) it was junior lien holder and thus did not have a priority lien on the property; (2) the Bilfields, as tenants in common, were owners of the property; (3) the Bilfields were attempting to disclaim their interest in the property; and (4) the Bilfields encumbered the property by executing the reverse mortgage. Based on this knowledge, the HOA could reasonably suspect that (1) the proceeds from the judicial sale of the property would not cover the outstanding assessments; and (2) the Bilfields would attempt to disclaim any interest and *liability* in the property.

{¶ 59} Despite this information, the HOA did not seek personal judgments against the Bilfields for the unpaid assessments in the foreclosure action. The HOA sought a personal judgment against Lillian for the unpaid assessments and then continued to seek a personal judgment against her even after her death when the

amended complaint was filed. In its amended complaint, the HOA still sought a personal judgment against Lillian, now deceased, but it did not also seek a personal judgment against the Bilfields. Rather, while the foreclosure action was still pending (no determination on the merits of the foreclosure matter had yet to occur), the HOA chose to file this separate action against the Bilfields, individually, seeking a declaration of the validity of the disclaimers and a personal money judgment against the Bilfields.